[Cite as *State v. Schneider*, 2011-Ohio-4097.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 95824, 95855, and 95856**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOANNE SCHNEIDER

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED, VACATED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-472739

**BEFORE:** Rocco, J., Kilbane, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 18, 2011

-i-

**ATTORNEY FOR APPELLANT**

Claire R. Cahoon
Assistant Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio   43215-9311

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Daniel M. Kasaris
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶ 1}  In these three appeals that have been consolidated for briefing, hearing, and disposition, defendant-appellant Joanne Schneider challenges the trial court's denial of her motion to withdraw her guilty pleas, and her convictions and the sentences the trial court imposed, after her case returned to the trial court for resentencing pursuant to this court's opinion in *State v. Schneider*, Cuyahoga App. No. 93128, 2010-Ohio-2089 ("*Schneider I*").

{¶ 2}  Schneider presents four assignments of error.  She argues the trial court abused its discretion in denying her motion to withdraw her guilty

pleas in this case. She further argues the trial court acted improperly in appointing new counsel to represent her for purposes of the resentencing hearing when Schneider already had counsel of record. Schneider also argues her original defense attorney provided ineffective assistance by failing to properly advise her prior to the plea hearing of the consequences of her guilty pleas. Finally, Schneider asserts the trial court violated her constitutional rights by sentencing her to a greater prison term than the one originally imposed.

{¶ 3} The state concedes Schneider's first assignment of error has merit. Since the record reflects the trial court abused its discretion in denying Schneider's motion to withdraw her guilty pleas, her convictions and sentences are vacated, and her case is remanded for further proceedings. This disposition renders Schneider's remaining assignments of error moot. App.R. 12(A)(1)(c).

{¶ 4} The underlying facts in this case previously were set forth in *Schneider I*, ¶4-6, as follows:

{¶ 5} "In November 2005, Schneider was indicted on 163 counts involving an alleged pattern of corrupt activity, theft, false representation in the sale of securities, money laundering, telecommunications fraud, and securities fraud violations.

**{¶ 6}** "In March 2009, Schneider entered into a plea bargain with the state. In exchange for all other counts being dismissed, Schneider pled guilty to 13 counts: Count 1, engaging in a pattern of corrupt activity, a felony of the first degree; Count 21, securities fraud, a felony of the first degree; Count 35, false representation in the sale of a security, a felony of the first degree; Count 38, sale of unregistered securities, a felony of the first degree; Count 49, theft, a felony of the second degree; Count 61, securities fraud, a felony of the first degree; Count 74, sale of unregistered securities, a felony of the second degree; Count 78, false representation in the sale of a security, a felony of the second degree; Count 81, securities fraud, a felony of the first degree; Count 84, securities fraud, a felony of the first degree; Count 91, sale of unregistered securities, a felony of the second degree; Count 111, securities fraud, a felony of the first degree; and Count 140, money laundering, a felony of the third degree.

**{¶ 7}** "The trial court sentenced Schneider to three years on Count 1, three years on each of the remaining counts, and ordered that they all run concurrent to each other, for an aggregate term of three years in prison. The trial court also informed Schneider that she would be subject to five years of postrelease control upon her release from prison."

{¶ 8} The state instituted an appeal in *Schneider I*, arguing that Schneider's three-year sentence was contrary to law; the state pointed out that, pursuant to R.C. 2929.14(D)(3)(a), Schneider's conviction for engaging in a pattern of corrupt activity required a mandatory ten-year term in light of her other convictions. After reviewing the facts of the case, this court agreed with the state's position, although acknowledging at ¶14 that:

{¶ 9} " * * * the state wrongly informed the trial court that for a first degree felony it could sentence Schneider anywhere from three to ten years. * * * But the state cannot validly recommend to the trial court that it impose a sentence that is contrary to law; a sentence that is contrary to law is void * * *. See *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶14 * * * ."

{¶ 10} This court concluded:

{¶ 11} "Schneider's sentence is reversed, and the case [is] remanded to the trial court with orders to vacate the sentence in Count 1 and to resentence Schneider according to law." *Schneider I*, at ¶20.

{¶ 12} The record reflects that Schneider's case returned to the Cuyahoga County Court of Common Pleas in late July 2010. The administrative judge assigned Schneider's case to a new trial judge. Soon

thereafter, an assistant state public defender ("SPD") entered a notice of appearance on Schneider's behalf.

{¶ 13} On August 27, 2010, the SPD filed a motion seeking leave for Schneider to withdraw her guilty pleas. In a supporting brief attached to the motion, the SPD argued that Schneider entered her pleas without a full understanding of the maximum penalty involved.

{¶ 14} Four days later, on August 31, 2010, without notice, the trial court called the case for resentencing. The court noted that Schneider filed a motion to withdraw her guilty pleas, but that "counsel who prepared this motion [wa]s not present." The trial court stated that it had "appointed" an attorney to represent Schneider, and that the attorney "ha[d] conferred with her."

{¶ 15} The trial court then asked the attorney if he wanted to be heard with reference to the motion the SPD filed on Schneider's behalf. The attorney indicated Schneider entered her pleas "under the impression that [three years] was an agreed sentence."

{¶ 16} The trial court allowed that Schneider was told at her plea hearing that "the range was gonna' be from 3 to 10 years," and that "was a mistake." Nevertheless, the trial court stated that, since Schneider had "always known what her exposure was," her motion was denied.

{¶ 17} The trial court asked Schneider if she wanted to say anything before turning to the prosecutor to ask what "the original fine was." Upon being informed no fine had been imposed previously, the trial court proceeded to impose a fine of "250 and costs," and sentenced Schneider on Count 1 to "10 years at the Ohio State Reformatory for Women." No mention was made of Schneider's other convictions and sentences.

{¶ 18} The trial court subsequently issued three separate journal entries in Schneider's case.

{¶ 19} The first indicates the trial court conducted a "hearing on [SPD]'s motion for new trial."[1] This entry further states:

{¶ 20} "The court finds [SPD]s office and Cuyahoga County Defenders Office to co-exist as same entity. The local defender's office represented Defendant's husband. With this existing obvious conflict, the Defendant being indigent is appointed [counsel]. * * * Upon review, this Court denies motion for new trial and motion to withdraw plea."

{¶ 21} The second journal entry indicates "Defendant indigent. Attorney * * * assigned. * * * Ohio Public Defender's motion for leave to withdraw guilty plea held [sic]. No one from public defender's office present; motion denied."

---

[1]Schneider did not file a "motion for a new trial."

{¶ 22} The third journal entry is that of Schneider's convictions and sentences.[2]

{¶ 23} Schneider filed three separate appeals from those three separate trial court journal entries. This court consolidated Schneider's appeals for briefing, hearing, and disposition.

{¶ 24} Schneider presents the following four assignments of error.[3]

{¶ 25} "I.   The trial court abused its discretion and violated Ms. Schneider's constitutional right to due process of law by overruling the Motion for Leave to Withdraw Her Guilty Plea.

{¶ 26} "II.   Trial counsel provides constitutionally ineffective assistance by failing to properly advise Ms. Schneider of the effect of her plea.

{¶ 27} "III.   The trial court erred in denying Ms. Schneider her constitutionally guaranteed counsel of choice.

---

[2] The journal entry notes each conviction to which Schneider originally entered a guilty plea, and states that the court sentenced Schneider to "10 years on Counts 1, 21, 35, 38, 49, 61, 74, 78, 81, 84, 91, 111, and 140; counts to run concurrently."

[3] The citations to authority and to the record that Schneider placed in her assignments of error have been omitted.

**{¶ 28} "IV. The trial court violated Ms. Schneider's constitutional right to due process in sentencing her to a greater punishment following reversal of her original sentence."**

{¶ 29} Schneider argues in her first assignment of error that the trial court abused its discretion when it denied her motion to withdraw her guilty pleas. She contends that the record reflects her plea hearing was flawed. She further asserts that the trial court failed to provide her either a full hearing on her motion or fair consideration of her request to withdraw her pleas. Her argument has merit.

{¶ 30} In *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶1, the supreme court held that, when a defendant's "sentence is void as contrary to law, the defendant must be resentenced, and his motion to withdraw his plea must be treated as a presentence motion under Crim.R. 32.1. '[A] presentence motion to withdraw a guilty plea should be freely and liberally granted.' *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715." See, also, *State v. Peterseim* (1979), 68 Ohio App.2d 211, 214, 428 N.E.2d 863.[4]

---

[4] See the discussion in *State v. Hubbard*, Summit App. No. 25141, 2011-Ohio-2770, ¶3-4, regarding whether *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, has called "its holding in *Boswell* into question."

{¶ 31} When ruling on a presentence motion to withdraw a plea, the trial court is required to conduct a hearing, in order to decide whether there is a reasonable and legitimate basis for withdrawal of the plea. *Xie* at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court.   Id.

{¶ 32} The trial court does not abuse its discretion in denying a presentence motion to withdraw a guilty plea when the record reflects: 1) the defendant was represented by competent counsel; 2) the defendant was given a full and proper Crim.R. 11 hearing before entering the plea; and, 3) the trial court provided a hearing on the defendant's motion to withdraw that plea, during which the court gave full and fair consideration to the defendant's arguments in support of the motion.   *State v. Zaslov*, Cuyahoga App. No. 95470, 2011-Ohio-2786, ¶9. See, also, *Peterseim*, at 214.

{¶ 33} In this case, the record of Schneider's plea hearing fails to demonstrate that Schneider fully understood the consequences of her guilty pleas; she was told that a term of only three years was "mandatory."   As the supreme court noted in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶25-26:

{¶ 34} "A criminal defendant's choice to enter a plea of guilty or no contest is a serious decision.   The benefit to a defendant of agreeing to plead

guilty is the elimination of the risk of receiving *a longer sentence after trial*. But, by agreeing to plead guilty, the defendant loses several constitutional rights. [Citations omitted.] The exchange of certainty for some of the most fundamental protections in the criminal justice system will not be permitted unless the defendant is *fully informed of the consequences* of his or her plea. Thus, unless a plea is knowingly, intelligently, and voluntarily made, it is invalid. [Citation omitted.]

{¶ 35} "To ensure that pleas conform to these high standards, the trial judge must engage the defendant in a colloquy before accepting his or her plea. [Citations omitted.] It follows that, in conducting this colloquy, the trial judge *must convey accurate information* to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." (Emphasis added.)

{¶ 36} This court declared Schneider's sentence void in *Schneider I*. Thus, when the case was remanded, and Schneider filed a motion to withdraw her pleas, the trial court was required to treat it as one made prior to sentence. *Boswell*.[5]

{¶ 37} The original trial court's complete failure to inform Schneider of the maximum penalty involved with respect to her plea rendered it invalid.

---

[5]But, see, fn.4.

*State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d, 1224, paragraph two of the syllabus. On remand pursuant to *Schneider I*, the trial court did not consider the record of Schneider's plea hearing. Rather, the trial court compounded the error.

**{¶ 38}** The state concedes Schneider's argument with respect to her first assignment of error. *Hubbard*; cf., *Zaslov*. Consequently, Schneider's first assignment of error is sustained.

**{¶ 39}** This disposition renders Schneider's remaining assignments of error moot. App.R. 12(A)(1)(c); see, also, *State v. Wilson*, Cuyahoga App. No. 92149, 2009-Ohio-4879.

**{¶ 40}** The trial court's orders are reversed, Schneider's pleas and convictions are vacated, and this case is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____

KENNETH A. ROCCO, JUDGE

MARY EILEEN KILBANE, A.J., and
MARY J. BOYLE, J., CONCUR