[Cite as *State v. Schneider*, 2013-Ohio-2532.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98938

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JOANNE SCHNEIDER

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-472739

**BEFORE:** E.T. Gallagher, J., S. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 20, 2013

**ATTORNEYS FOR APPELLANT**

Matthew M. Nee
Nee-Bittinger, L.L.C.
27476 Detroit Road
Suite 104
Westlake, Ohio   44145

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Nick Giegerich
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant Joanne Schneider ("Schneider") appeals from a judgment that sentenced her to a nine-year prison term. We find some merit to the appeal and remand this case to the trial court for the limited purpose of resentencing on Count 49.

**{¶2}** In November 2005, Schneider was indicted on 163 counts involving an alleged pattern of corrupt activity, theft, false representation in the sale of securities, money laundering, telecommunications fraud, and securities fraud violations.

**{¶3}** In March 2009, pursuant to a plea agreement, Schneider pleaded guilty to 13 counts. All other charges were dismissed, and the court sentenced Schneider to a three-year prison term. The state appealed the sentence, arguing that Count 1, which charged Schneider with engaging in a pattern of corrupt activity, carried a mandatory ten-year sentence. This court reversed the trial court's judgment and remanded the case to the trial court for resentencing. *State v. Schneider*, 8th Dist. No. 93128, 2010-Ohio-2089.

**{¶4}** On remand, Schneider moved to withdraw her guilty plea. The trial court denied her motion and sentenced Schneider to a ten-year prison term. Schneider appealed the denial of her motion to withdraw her guilty plea, and this court again reversed the trial court's judgment and remanded the case to the trial court for trial. *State v. Schneider*, 8th Dist. Nos. 95824, 95855, and 95856, 2011-Ohio-4097. This time, Schneider entered into another plea agreement in which she agreed to plead guilty to a reduced charge on Count

1 and a reduced number of counts. She also agreed to a non-mandatory nine-year prison sentence. The trial court sentenced Schneider to nine years in prison pursuant to the plea agreement and suspended her fines. Schneider now appeals, raising four assignments of error.

## Increased Sentence

{¶5} In the first assignment of error, Schneider argues the trial court erred by increasing her sentence by six years. She contends that because the court originally sentenced her to three years, the court's imposition of a nine- year sentence upon remand is presumptively vindictive and must be reversed.

{¶6} Pursuant to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Schneider does not argue that her nine-year sentence exceeded the maximum term prescribed by statute for her offenses.[1] She argues her sentence should be vacated because it was presumptively vindictive.

{¶7} Due process prohibits a court from imposing a harsher sentence on a defendant in retaliation for exercising her right to appeal. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Under some circumstances, a

---

[1] A sentence is authorized by law if the prison term does not exceed the maximum term prescribed by statute for the offense. *State v. Richardson*, 8th Dist. No. 87886, 2007-Ohio-8, ¶ 4. Pursuant to R.C. 2929.14(A)(1), a prison term of nine years is within the statutory range for a felony of the first degree.

presumption of vindictiveness exists when a defendant receives a more severe sentence on remand after a successful appeal. *See State v. Collins*, 8th Dist. Nos. 98575 and 98595, 2013-Ohio-938, ¶ 8. Therefore, an enhanced sentence imposed out of vindictiveness may be contrary to law.

{**¶8**} However, cases subsequent to *Pearce* indicate that such a presumption arises only when circumstances establish a "reasonable likelihood" that an increased sentence is the product of vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id*., citing *Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). Here, because Schneider agreed to the enhanced sentence as part of a plea agreement, there was no vindictiveness and no due process violation. The sentence is not contrary law.

{**¶9**} Therefore, because Schneider's agreed nine-year sentence was within the statutory range, was agreed to by both Schneider and the state as part of a plea agreement, and was imposed by the sentencing judge, R.C. 2953.08(D)(1) precludes us from reviewing Schneider's first assignment of error.

{**¶10**} The first assignment of error is overruled.

## Fine

{**¶11**} In her fourth assignment of error, Schneider argues the trial court erred by imposing a fine on resentencing when a fine was not part of her original sentence. She

argues that because her original sentence did not include any fines, the court's imposition of a fine of $250 in costs on remand is presumptively vindictive.

{¶12} As previously stated, a presumption of vindictiveness exists when a defendant receives a more severe sentence on remand after a successful appeal. *See Collins* at ¶ 8. However, a presumption arises only when circumstances establish a "reasonable likelihood" that an increased sentence is the product of vindictiveness. *Smith*, 490 U.S. at 799. "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id*., citing *Wasman,* at 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

{¶13} Here, there is no mention of a fine in the transcript of the plea hearing. Nevertheless, we find no circumstances establishing a reasonable likelihood that the fine of $250 in costs was presumptively vindictive. Many of the charges to which Schneider pleaded guilty, including securities fraud, engaging in a pattern of corrupt activity, theft, and the sale of unregistered securities, carry significant discretionary fines up to $20,000. A fine of $250 in costs is inconsequential in light of the seriousness of the convictions. Furthermore, the court suspended the fines. Therefore, we find no evidence of vindictiveness with respect to the suspended fine of $250 in costs.

### Second-Degree Felony

{¶14} In the second assignment of error, Schneider argues the trial court erred when it sentenced her for a first-degree felony on Count 49. She contends that Count 49, which charged her with theft, is a second-degree felony. In her third assignment of error,

she argues her trial counsel was ineffective because he failed to inform the court that Count 49 was a second-degree felony and not a first-degree felony.

**{¶15}** The state concedes that Count 49 is a second-degree felony and should be sentenced as such.

**{¶16}** Therefore, we sustain the second and third assignments of error.

**{¶17}** Judgment is affirmed in part and reversed in part. The case is remanded to the trial court for the limited purpose of resentencing Schneider on Count 49, within the statutory range for a second-degree felony.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR