[Cite as *State v. Akins-Daniels*, 2016-Ohio-7048.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103817

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY A. AKINS-DANIELS

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-594862-A

**BEFORE:** S. Gallagher, J., Keough, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** September 29, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Noelle A. Powell
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel A. Cleary
          Frank Romeo Zeleznikar
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Anthony A. Akins-Daniels complains that his 14-year prison sentence — imposed upon his guilty plea to involuntary manslaughter in violation of R.C. 2903.04(A) and aggravated burglary in violation of R.C. 2911.11(A)(2), along with associated one- and three-year firearm specifications — is excessive. He asks this court to exercise discretion in reconsidering the sentencing factors, especially the mitigating ones, to arrive at a less severe prison sentence on the involuntary manslaughter count. R.C. 2953.08 precludes this form of appellate review of felony sentences. We, therefore, affirm.

{¶2} Akins-Daniels and his armed companion decided to burglarize a house. While the two were inside the home, the homeowner returned and stumbled into the burglary. The homeowner, a security guard legally entitled to carry a firearm, was armed. Upon being discovered, the co-conspirator attempted to draw his own firearm. Before he could do so, the homeowner recognized the danger, drew his weapon, and fired shots at both intruders, who were standing next to one another. The co-conspirator was mortally wounded in the encounter. Akins-Daniels was wounded, but managed to flee.

{¶3} After agreeing to plead guilty, Akins-Daniels appealed his 14-year prison term. After expressly considering all that was required under R.C. 2929.11 and 2929.12, the trial court sentenced Akins-Daniels to 11 years of imprisonment on the involuntary manslaughter count and three years on the firearm specification to be served consecutive to each other. All other sentences were concurrently imposed. The only issue raised in

this appeal deals with the length of the sentence imposed on the involuntary manslaughter count.

> **I. Akins-Daniels has not clearly and convincingly demonstrated that his sentence is contrary to law.**

{¶4} Appellate review of felony sentences is governed by R.C. 2953.08. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002. A defendant has the right to appeal any sentence consisting of the maximum term allowed for an offense, any prison sentence imposed for a fourth- or fifth-degree felony in certain situations, a sentence stemming from certain violent sex offenses, any sentence that included an additional prison term imposed pursuant to R.C. 2929.14(B)(2)(a), or a sentence that is contrary to law. R.C. 2953.08(A). We agree with Akins-Daniels, as the state concedes, that generally under R.C. 2953.08(A)(1)(b), his sentence may be subject to appellate review because he received the maximum sentence for the highest degree felony offense upon which he was convicted.

{¶5} Appellate courts must look to the plain language of a statute in determining legislative intent with respect to sentencing review. *Marcum* at ¶ 8. R.C. 2953.08(G)(2) unambiguously provides that an appellate court may not modify, vacate, or otherwise alter a final sentence unless it clearly and convincingly finds in its review under division (A), (B), or (C) "[(1)] [t]hat the record does not support the sentencing court's findings under division (B) or (D) of 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the revised code, whichever, if any, is relevant; [or (2)] [t]hat the sentence is otherwise contrary to law." The review provided for in R.C. 2953.08 is

limited. An appellate court "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

{¶6} Quite simply, we cannot review Akins-Daniels's assigned error as presented, in which he seeks reconsideration of the weight to be given to the sentencing factors for the purpose of determining the appropriate length of the prison term in this appeal. Akins-Daniels failed to argue, let alone demonstrate, that his sentence was contrary to law, and as a result, he has not presented a basis for us to conclude by clear and convincing evidence that the record does not support the sentence."

{¶7} The trial court, in this case, expressly considered the principles and purposes of felony sentencing, and therefore, the record supports the imposed sentence. Our analysis has not changed following the *Marcum* decision. A trial court "need only consider the sentencing factors pursuant to R.C. 2929.11 and 2929.12 and need not make findings in support of those factors to impose a sentence that is not considered contrary to law." *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 12, citing *State v. Karlowicz*, 8th Dist. Cuyahoga No. 102832, 2016-Ohio-925, ¶ 12; *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 18; *State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 12. An appellate court lacks the authority under R.C. 2953.08 to consider the weight given to respective sentencing factors because such discretion rests solely with the trial court. *Ongert*; *State v. Anderson*, 8th Dist. Cuyahoga No. 103490, 2016-Ohio-3323, ¶ 9 (an assignment of error claiming the trial court failed to

consider the sentencing factors would be frivolous when the trial court expressly indicates it had, and any assigned error relating to the weight the trial court gave to the sentencing factors would likewise be frivolous under the *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), review).

{¶8} In an attempt to circumvent this outcome, Akins-Daniels cites our decisions in *State v. Simmons*, 8th Dist. Cuyahoga No. 103538, 2016-Ohio-2644, and *State v. White*, 8th Dist. Cuyahoga No. 103474, 2016-Ohio-2638, ¶ 9, as supporting a proposition of law that appellate courts can weigh the sentencing factors in some form of appellate, de novo sentencing. Neither panel from this court, much less any other panel, suggested that an appellate court may independently weigh sentencing factors to arrive at a different sentencing conclusion from that of the trial court as part of the R.C. 2953.08 review. In both cases, the panels concluded that the trial court had considered all that the law requires before imposing the sentence, and based on that, the panels were unable to conclude that the record clearly and convincingly did not support the sentence. *White* at ¶ 10; *Simmons* at ¶ 5; *see also State v. Cole*, 8th Dist. Cuyahoga Nos. 103187, 103188, 103189, and 103190, 2016-Ohio-2936, ¶ 87 (the sentence is affirmed because it is evident from the record that the purposes and principles of sentencing were considered); *State v. Carrion*, 8th Dist. Cuyahoga Nos. 103393 and 103394, 2016-Ohio-2942, ¶ 15 (in addition to the trial court's notation that it had considered all required factors of law, the record reflected the same consideration, and the sentence must be affirmed); *State v. Gay*, 8th Dist.

Cuyahoga No. 103641, 2016-Ohio-2946, ¶ 19; *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 17.

{¶9} This appeal emphasizes the practical limitations of appellate review of sentencing decisions. Trial courts are vested with discretion to consider the principles and purposes of felony sentencing and to weigh the aggravating and mitigating factors. That discretion cannot be imputed to, or supplanted by, appellate courts sitting in review of cold records. Although the *Marcum* decision incorporates into the appellate review process a determination of whether the defendant has demonstrated by clear and convincing evidence that facts do not support the sentence, such a review is not an invitation to transform appellate panels into sentencing courts. It merely reflects an opportunity to correct clear errors in the sentencing process. *Ongert.* Contrary to Akins-Daniels's contention, it is not in the purview of an appellate court to "make [our] own assessment of the necessity of maximum sentences." Once the trial court considers R.C. 2929.11 and 2929.12, the burden is on the defendant to demonstrate by clear and convincing evidence that the record does not support his sentence. Asking an appellate court to reconsider the sentencing factors in the light most favorable to the defendant does not satisfy that burden. As a result, we cannot review the final sentence imposed.

**II. The sentence imposed was a product of a negotiated plea deal, and therefore, appellate review of the sentence is precluded under R.C. 2953.08(D).**

{¶10} Having said that, and contrary to the respected opinion of the remaining members of this panel, this sentence cannot be reviewed for another reason.

Akins-Daniels pleaded guilty, and as part of that plea deal, he and the state jointly recommended a prison term of 10 to 25 years to the trial court. The first part of this inquiry is to determine whether a sentencing agreement existed. It did. As the prosecutor advised the trial court during the change of plea colloquy, the parties agreed "that this defendant serve a minimum of ten years in prison[,]" but that the trial court "could, in fact, go higher. It could actually give [Akins-Daniels] the maximum of this plea, which * * * would be 25 years" according to the terms of the plea deal. Tr. 6:14-24. Akins-Daniels and his attorney each acknowledged that the prosecutor's recitation of the plea deal reflected their understanding of the recommended sentence. Tr. 8:4-7, 9:1-5.

{¶11} It must be remembered that Akins-Daniels faced a sentence of at least 18 years to life on the original indictment, based on being charged with murder in violation of R.C. 2903.02(B). In agreeing to the terms of the plea deal, the state agreed to amend that count to the lesser offense of involuntary manslaughter, thus limiting Akins-Daniels's exposure in exchange for pleading guilty. We must give consideration to the fact that the potential sentence was limited to 25 years as compared to the potential sentence in the original indictment. In this light, Akins-Daniels, at the change of plea hearing, agreed to an unreviewable sentence by jointly recommending that the trial court should sentence him to a term between 10 and 25 years. It is conceivable that in certain circumstances, agreeing to a minimum term of imprisonment up to the maximum potential sentence would not be considered a jointly recommended sentence for the purposes of R.C. 2953.08(D)(1). Each agreement must be considered in its totality on a case-by-case basis. In this case,

the maximum sentence was limited by the terms of the plea deal and Akins-Daniels agreed to serve any sentence from 10 to 25 years in length.

{¶12} Although this case involves a recommended sentencing range, there is no logical reason to distinguish situations in which a defendant and the state jointly recommend a sentencing range as a product of the plea negotiations from that in which a single definite sentence is recommended. *See, e.g., State v. Schneider*, 8th Dist. Cuyahoga No. 98938, 2013-Ohio-2532 (jointly recommended 9-year term of imprisonment was not reviewable on appeal). In both situations, the parties agreed to a definite sentence. If the state and defendant jointly recommend a sentencing range, the defendant implicitly agrees to all definite sentencing possibilities within that range. In this case, we can only conclude that Akins-Daniels jointly recommended the 14-year aggregate sentence imposed when he agreed to be sentenced to a term of no less than 10 years, but up to the maximum 25-year aggregate sentence of the amended charges.

{¶13} The First District has held that a sentencing range cannot be considered a jointly recommended sentence for the purposes of applying R.C. 2953.08(D)(1). *State v. Gray*, 1st Dist. Hamilton No. C-030132, 2003-Ohio-5837, ¶ 9. That court, however, solely relied on *State v. Lawson*, 2d Dist. Montgomery No. 19643, 2003-Ohio-3775, ¶ 4, dismissing an appeal as being frivolous. The First District's opinion offered no further legal analysis to support its conclusion that only an agreement to a definite sentence was contemplated by the legislature in drafting R.C. 2953.08(D)(1). As the Second District has since unambiguously held, an appellate court cannot review a sentence imposed within

the jointly recommended sentencing range under R.C. 2953.08(D)(1). *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 4.

{¶14} "A sentence imposed upon a defendant is not subject to review under [R.C. 2953.08] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). If all three conditions are satisfied, that division prohibits any appeals from sentences that "otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors) * * *." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 22. Because Akins-Daniels's sentence was the product of a jointly recommended sentence imposed by the trial court, the inquiry shifts to determining whether the sentence was "authorized by law." *Underwood* at ¶ 22.

{¶15} A sentence is "authorized by law"and not appealable within the meaning of R.C. 2953.08(D)(1) "only if it comports with all mandatory sentencing provisions." *Id.* at ¶ 20. In this case, there is no dispute that the trial court complied with all mandatory sentencing provisions. As a result, Akins-Daniels's plea deal precluded review of the sentence imposed regardless of our conclusion regarding whether the sentence was not contrary to law.

{¶16} R.C. 2953.08(D)(1) is intended to preclude defendants from obtaining the benefit of a plea deal and an agreed favorable sentence, if imposed, and then challenging

that deal on appeal after the state loses its ability to ensure that the terms of the plea deal are preserved. *See State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493 (once final judgment is imposed, trial court loses jurisdiction for the purposes of enforcing a plea agreement). Akins-Daniels acknowledged that the plea agreement involved a joint sentencing recommendation of 10 years up to 25 years. The appellate inquiry should have ended there.

**{¶17}** Nevertheless, having overruled the sole assignment of error, we affirm Akins-Daniels's conviction.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION;
KATHLEEN ANN KEOUGH, P.J., CONCURS WITH THE SEPARATE OPINION


FRANK D. CELEBREZZE, JR., J., CONCURRING IN JUDGMENT ONLY:

**{¶18}** While I concur with the lead opinion's analysis in Section I of the opinion, I must respectfully disagree with the holding that all manner of sentencing review is precluded in this case as set forth in Section II of the analysis.

**{¶19}** The lead opinion asserts that because appellant agreed to a sentence of between 10 and 25 years, his sentencing appeal is not subject to review because it is an agreed sentence under R.C. 2953.08(D)(1).  However, appellant only agreed to at least a ten-year prison term.  As that could be accomplished with a single prison term on one count, appellant did not agree to any and all sentences in the range specified by the lead opinion.  The second part of the lead opinion's analysis inappropriately precludes review of any sentence within a 10- to 25-year range even though appellant did not explicitly or implicitly agree to a certain sentence or even a sentencing range.

**{¶20}** For instance, if the trial court had imposed nonmandatory consecutive sentences even though appellant did not agree to such sentences, the lead opinion would preclude this court from reviewing whether the trial court made the required findings.  *See State v. Sergent*, Slip Opinion No. 2016-Ohio-2696, ¶ 30 ("If a jointly recommended sentence includes nonmandatory consecutive sentences, and the trial judge fails to make the consecutive-sentence findings set out in R.C. 2929.14(E)(4), the sentence is nevertheless 'authorized by law,' and therefore is not appealable pursuant to R.C. 2953.08(D)(1).").  This logically results from the lead opinion's analysis because it classifies appellant's agreement as a sentencing range between 10 to 25 years, rather than

an agreement to a sentencing floor of 10 years, which can be accomplished without consecutive sentences.

{¶21} This illustrates why appellant's agreement to a sentencing floor is not the same as an agreed sentence that R.C. 2953.08(D)(1) precludes from review. However, because the lead opinion addresses appellant's assigned errors and correctly determines they lack merit, I concur in the outcome.