[Cite as *State v. Quinones*, 2012-Ohio-1939.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97054**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TONY C. QUINONES**

DEFENDANT-APPELLANT

**JUDGMENT:**
**REVERSED AND REMANDED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-522702

**BEFORE:** Stewart, P.J., Sweeney, J., and Cooney, J.

**RELEASED AND JOURNALIZED:** May 3, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Scott Zarzycki
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH   44113

MELODY J. STEWART, P.J.:

**{¶1}** In 2009, a jury found defendant-appellant Tony Quinones guilty of two counts of rape and two counts of sexual battery. The court imposed three-year sentences on the rape counts and ran them concurrently; it imposed two-year sentences on the sexual battery counts and ran them concurrently, but consecutive to the rape count for a total term of five years. On direct appeal, we accepted the state's concession that there was only one act of rape so only one count of rape could survive. *See State v. Quinones*, 8th Dist. No. 94082, 2010-Ohio-5240, ¶ 30. We also held that the sexual battery counts were allied offenses to the rape counts, and we remanded for a resentencing at which the state was to elect which count it would proceed on: rape or battery. *Id.* at ¶ 31. On remand, the state elected to have Quinones sentenced on the single rape count. The court imposed a five-year term on the rape count, saying that when it originally sentenced Quinones, it intended that he serve a total of five years regardless of how many counts there might be. On appeal, Quinones complains that the addition of two years to the original three-year term for rape violated due process.

**{¶2}** Quinones frames the issue as one of vindictive sentencing, but the record does not support that assertion. In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, the Supreme Court of Ohio analyzed the scope of a trial court's resentencing hearing following an allied-offenses error, holding:

> A remand for a new sentencing hearing generally anticipates a de novo sentencing hearing. R.C. 2929.19(A). However, a number of discretionary and mandatory limitations may apply to narrow the scope of a particular resentencing hearing. * * * In a remand based only on an allied-offenses sentencing error, the guilty verdicts underlying a defendant's sentences remain the law of the case and

are not subject to review. [*State v.*] *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 26–27. Further, only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review. [*State v.*] *Saxon*[, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824,] at paragraph three of the syllabus. *Id.* at ¶ 15.

{¶3} The remand ordered by this court was for a "de novo" resentencing. "During a de novo resentencing, '* * * the trial court is free to impose the identical sentence that was originally imposed, or a greater or lesser sentence within its discretion * * *.'" *State v. Jackson*, 8th Dist. No. 92365, 2009-Ohio-4995, ¶ 9, quoting *State v. Cook*, 8th Dist. No. 91487, 2008-Ohio-4246, ¶ 10. This freedom to enter an increased sentence is constrained only by the caveat that the court cannot increase a sentence on remand because of vindictiveness over the defendant's exercise of the right to appeal. Quinones argues that vindictiveness is presumed when the same judge resentences an offender to a lengthier term, especially when he has been a model inmate. *State v. Douse*, 8th Dist. No. 82008, 2003-Ohio-5238.

{¶4} While a presumption of vindictiveness existed in this case because of the increased sentence, the state tried to rebut that presumption by noting that the court ordered the lengthier sentence because it originally wished to sentence Quinones to five years total, regardless of how that sentence was imposed. Indeed, the court indicated that it would have sentenced Quinones to five years even had it known that the sexual battery counts were allied.

{¶5} A "suitable explanation" to rebut the presumption of vindictiveness may consist of conduct or events discovered since the prior sentencing that cast "'new light upon the defendant's life, health, habits, conduct, and mental and moral propensities.'" *Wasman v. United States*, 468 U.S. 559, 570-571, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984), quoting *Williams v. New York*, 337 U.S. 241, 245, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). In other words, "[t]hose reasons

must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

{¶6} The court adequately rebutted the presumption of vindictiveness by stating that the increased sentence for rape was intended to effect the court's original desire to sentence Quinones to five years in prison, regardless of what counts may have survived. The difficulty with this explanation is that those same statements prove that the court sentenced Quinones pursuant to an illegal "sentencing package."

{¶7} Federal sentencing law allows the use of a "sentencing package," which as applicable to multicount indictments, assumes that the district court will:

> [C]raft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal. *United States v. Pimienta-Redondo*, 874 F.2d 9, 14 (1st Cir.1989).

{¶8} Ohio does not allow sentence packaging. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph two of the syllabus.

{¶9} The original sentence contained a three-year term for rape and two-year term for sexual battery, with the sentences to run consecutively. At resentencing, the trial judge referenced the total five-year sentence it originally imposed on Quinones and stated: "[t]he Court is still of the mind that five years is an appropriate sentence for the crime of rape * * *. And, so, this Court is not going to reduce or enlarge his sentence, *but reinstitute the five year sentence that the Court imposed*." (Emphasis added.)

{¶10} The court's statements leave no doubt that it sentenced Quinones to a five-year package consistent with the way such packages are described in *Pimienta-Redondo*. In rejecting the sentencing package doctrine, *Saxon* made it clear that Ohio courts impose a sentence for "each separate, individual offense." *Saxon* at paragraph one of the syllabus. By stating that it imposed a "five year sentence" in its original sentence, the court acknowledged that it fully intended that Quinones serve a total of five years regardless of whether any counts might not survive on appeal. By increasing the length of the remaining rape count to effectuate its original intent to have him serve five years, the court reviewed "the efficacy of what remain[ed] in light of the original plan" and fashioned a new sentence to effectuate its plan to have Quinones serve five years. By any measure, this was an admission by the court that it sentenced Quinones according to a "single comprehensive sentencing plan" of the kind described in *Pimienta-Redondo*.

{¶11} The court's error was avoidable. Had the court truly desired to have Quinones serve a total of five years in prison, it could easily have sentenced him with the counts to be served concurrently. This would have ensured that a reversal on one count would not affect the sentence on the remaining count. The court cannot, on remand, impose that which it claimed to have desired all along without making the sentence appear to have been the product of a sentencing package. It follows that the court had no authority to increase Quinones's sentence under these circumstances. We sustain the assignment of error and remand with instructions for the court to modify Quinones's sentence by imposing a three-year term on the rape count.

{¶12} This cause is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., CONCURS;

JAMES J. SWEENEY, J., DISSENTS
WITH SEPARATE OPINION

JAMES J. SWEENEY, J., DISSENTING:

{¶13} I agree with the majority that the court did not act vindictively in resentencing Quinones. However, I dissent regarding the majority's conclusion that the court improperly sentenced Quinones pursuant to a sentencing package.

{¶14} As the majority opinion points out, courts conduct a de novo hearing when a case is remanded for resentencing. R.C. 2929.19(A); *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. The scope of this hearing is limited when the remand is based on the merger of allied offenses, such as in the case at hand. These limitations include that the guilty verdicts remain intact and the sentences for the offenses that were not subject to merger are also not subject to review. *Id.* at ¶ 15.

{¶15} The same is not true under federal law, which allows for packaged sentences. The sentencing package doctrine allows federal trial courts to consider "multiple offenses as a whole and [impose] one, overarching sentence to encompass the entirety of the offenses * * *." *State*

*v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9. Thus, the court has the authority to sentence individual counts interdependently. If this finding is made, the appellate court has the authority to vacate the entire sentence — even if only one conviction is overturned — because the sentence was bundled to create an overall effect. *See generally U.S. v. Faulkenberry,* 759 F.Supp.2d 915, 921-925 (S.D.Ohio 2010).

{¶16} The Ohio Supreme Court has instructed that the opposite is true under state law: "[A] judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense." *Saxon* at ¶ 9. The "sentencing-package doctrine has no applicability to Ohio sentencing laws * * *." Rather, "a sentence is the sanction or combination of sanctions imposed on each separate offense. * * * Because Ohio does not 'bundle' sentences, nothing is 'unbundled' when one of several sentences is reversed on appeal." *Id*. at ¶ 13, 15. Furthermore, Ohio appellate courts do not have the authority to vacate an entire sentence when only a portion of that sentence is subject to remand. *See Wilson*.

{¶17} In the case at hand, the trial court originally sentenced Quinones on each count individually, consisting of three years in prison for rape and two years for sexual battery, to run consecutive to one another. In my opinion, these sentences are not interdependent. Rather, they stand alone.

{¶18} In Quinones's direct appeal, this court reversed and remanded for merger of allied offenses regarding all convictions and their accompanying sentences. This case is not an example of the court's reversal of some, but not all, of the convictions in a multicount conviction scenario.

{¶19} At the resentencing hearing, the trial court imposed a sentence of five years for the rape. Although the trial court stated that it was not "going to reduce or enlarge his sentence, but

reinstitute the five year sentence that the Court imposed," this statement is misleading. The trial court *did enlarge* Quinones's sentence for rape from three years to five years, which was within its discretion. *See State v. Foster*, 109 Ohio St.3d 1, 31, 2006-Ohio-856, 845 N.E.2d 470 (contemplating that, at a new sentencing hearing, "[w]hile the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties").

{¶20} Under *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4, unless a felony sentence is contrary to law, we review it for an abuse of discretion. When reviewing for an abuse of discretion, "a court of appeals may not substitute its judgment for [that] of the * * * trial court." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 7487 (1993).

{¶21} In my opinion, the court did not employ the sentence-packaging doctrine. Nor did the court abuse its discretion on remand, because the record does not imply that the court acted unreasonably, arbitrarily, or unconscionably in resentencing Quinones. Respectfully, I would affirm the trial court's judgment.