[Cite as *State v. Gibson*, 2015-Ohio-3479.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102391**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH GIBSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-563845

**BEFORE:** McCormack, J., Keough, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** August 27, 2015

**ATTORNEY FOR APPELLANT**

Richard Agopian
1415 West Ninth Street
2nd Floor
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Marc D. Bullard
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Kenneth Gibson appeals from his resentencing. For the reasons that follow, we affirm.

{¶2} In July 2012, Gibson was indicted for one count of kidnapping with a sexual motivation specification, a felony of the first degree, and two counts of gross sexual imposition, felonies of the fourth degree. The charges stemmed from allegations that Gibson forcibly engaged in sexual contact with his 29-year-old niece. Gibson waived his right to a jury trial, and the matter was tried before the bench.

{¶3} On October 9, 2013, the court found Gibson guilty on all charges and referred the matter for a presentence investigation hearing. At the sentencing hearing, the court determined that the charges were not allied offenses and, therefore, it did not merge the sentences. The trial court sentenced Gibson to three years in prison for the kidnapping with the sexual motivation specification and one year for each charge of gross sexual imposition. The court ordered all counts to be served concurrently.

{¶4} Gibson appealed his conviction and sentence. On August 7, 2014, this court affirmed Gibson's conviction. Having found the charges to be allied offenses, however, we reversed his sentence and remanded for a new sentencing hearing, instructing the state to elect which allied offense it would pursue against the defendant. *See State v. Gibson*, 8th Dist. Cuyahoga No. 100727, 2014-Ohio-3421.

**{¶5}** On remand, the trial court held a resentencing hearing on November 14, 2014. At resentencing, the state elected to pursue sentencing on the charge of kidnapping with sexual motivation. Thereafter, the court sentenced Gibson to three years imprisonment on the kidnapping with sexual motivation count and ordered Gibson to serve the balance of his sentence, with credit for time served. The court also imposed three years mandatory postrelease control.

**{¶6}** Gibson appeals his sentence upon resentencing, raising two assignments of error: ineffective assistance of counsel during resentencing and the trial court's failure to consider the nature of the defendant at the time of resentencing.

**{¶7}** In his first assignment of error, Gibson contends that defense counsel was ineffective in failing to "educate the court" on sentencing factors and failing to "advocate for his client."

**{¶8}** In order to establish a claim of ineffective assistance of counsel, Gibson must prove (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Ohio, every properly licensed attorney is presumed to be competent, and therefore, a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). And counsel's performance will not be deemed ineffective unless and until the performance is proven to have fallen below an objective standard of reasonable representation and, in

addition, prejudice arises from counsel's performance.  *State v. Iacona*, 93 Ohio St.3d 83, 105, 752 N.E.2d 937 (2001).

**{¶9}** As previously stated, this court concluded that the kidnapping and gross sexual imposition charges were allied offenses.   We therefore reversed the sentence and remanded "for a new hearing at which the state will elect which allied offense it will pursue against the defendant."   *Gibson*, 8th Dist. Cuyahoga No. 100727, 2014-Ohio-3421, at ¶ 45, citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 25.   "When the state elects which of the allied offenses to seek sentencing for, the trial court must accept the state's choice and merge the crimes into a single conviction for sentencing * * * and impose a sentence that is appropriate for the merged offense."   *Whitfield* at ¶ 24.

**{¶10}**   When a matter is remanded in order to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue.   *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, paragraph one of the syllabus. The guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review.   *Id.* at ¶ 15, citing *Whitfield* at ¶ 26-27.   And "only the sentences for the offenses that were affected by the appealed error are reviewed de novo." *Wilson* at ¶ 15.   The scope of the new hearing "will include the trial court's consideration of R.C. 2929.11 when fashioning the new sentence."   *Id.* at ¶ 31.

**{¶11}** Upon remand, the trial court, in its discretion, may reimpose the original penalty for the offense that remains after merger or impose a new or different penalty. *See State v. Clay*, 12th Dist. Madison No. CA2011-12-016, 2012-Ohio-5011, ¶ 21; *see also State v. Quinones*, 8th Dist. Cuyahoga No. 97054, 2012-Ohio-1939, ¶ 3 (finding that on remand, the "trial court is free to impose the identical sentence that was originally imposed, or a greater or lesser sentence within its discretion").

**{¶12}** Here, the state elected to proceed on the kidnapping with sexual motivation specification and requested that the court impose "the identical sentence as previously imposed" at the original hearing. The prosecutor noted that the sentencing range for the kidnapping is 3 to 11 years. In response, defense counsel asked the court to consider community control for the remainder of Gibson's sentence:

> The only thing I ask this court to consider is he's basically — he's almost at two and a half years of that three year sentence. I understand that this court originally didn't feel community control sanctions was appropriate but I would submit that it's appropriate to consider it now.
>
> He's already done a substantial amount of time in prison and that would give this court an opportunity to ensure that his transition back into the community was a successful one, so I ask this court consider that at this point in time.

**{¶13}** Thereafter, Gibson addressed the court as follows:

> The only thing I want to say is none of this could have never happened. I never got up on that stand and said what happened that day. All she said was a lie.
>
> She came in. She took my money while I was sleeping. I'm back in my house. It didn't make sense, you know, this is what she do. She go to say oh, this guy, I'm glad they have the DNA. I didn't pay any attention.

She do somebody else this way? Like I said, it never happened. Door locks proof, none of that came up in court.

\* \* \* I don't have nothing really to say. That I want to go home. Whether you're going to send me back to the penitentiary and do the time or send me home.

**{¶14}** After providing Gibson an opportunity to address the court, the court sentenced Gibson to three years on the kidnapping with sexual motivation and remanded Gibson to serve the balance of his sentence, stating that Gibson will receive credit for time served. In its sentencing entry, the court stated that it considered all required factors of law and finds that prison is consistent with the purpose of R.C. 2929.11.

**{¶15}** In light of the above, we find that Gibson has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. We note, initially, that first-degree felonies carry with them a presumption in favor of prison. R.C. 2929.13(D)(1). It is therefore "presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under [R.C.] 2929.11." *Id.* Defense counsel, while acknowledging that the court initially rejected community control for Gibson at his original sentencing, made a second request for community control at the resentencing and asked that the court allow the defendant to serve out his remaining sentence (approximately six months) through community control. Rejecting defense counsel's request, the court imposed a prison term. The trial court, however, granted defense counsel's request that court costs be waived.

{¶16} Additionally, the record shows that Gibson received three years on the kidnapping with sexual motivation and one year for each charge of gross sexual imposition at his original sentencing. Ordering all counts to be served concurrently, Gibson's total time in prison amounted to three years. At the resentencing, the court, once again, imposed a sentence of three years on the kidnapping and gave credit for time served. At this time, because of the merger instructed upon remand, Gibson was sentenced solely on the kidnapping. Thus, the term of imprisonment after resentencing was the same three-year term.

{¶17} Finally, we find that the court had considered the sentencing factors prior to imposing its sentence. We may generally presume a trial court has considered the sentencing factors outlined in R.C. 2929.12 and the purposes of felony sentencing outlined in R.C. 2929.11 "absent an affirmative demonstration by a defendant to the contrary." *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 8. Here, Gibson fails to affirmatively show that the court failed to consider all of the sentencing factors required by these statutes. Moreover, the court heard statements from Gibson and his attorney, and the court provided in its sentencing entry that it considered all required sentencing factors as well as the purpose of R.C. 2929.11.

{¶18} Given the record, the presumption of prison, and defense counsel's attempt at obtaining a reduced prison term for his client, as well as the fact that the trial court reimposed the minimum prison term of three years on the sole charge of kidnapping with

sexual motivation, Gibson has not demonstrated that counsel's performance was ineffective.

**{¶19}** Gibson's first assignment of error is overruled.

**{¶20}** In his second assignment of error, Gibson argues that the trial court did not consider his nature at the time of resentencing. As previously demonstrated, however, the record shows that the trial court did, in fact, consider Gibson's nature at the time of resentencing. Defense counsel, in his request for community control for the remainder of Gibson's sentence, provided that the "substantial amount of time in prison" presented this court "with an opportunity to ensure that [Gibson's] transition back into the community" would be successful. The record also shows that the court heard from Gibson, wherein he expressed no remorse for his actions and suggested, rather, that the victim lied about the incident and "took [his] money while [he] was sleeping." Finally, the court's sentencing entry provides that the court considered "all required factors of the law" and it found that prison is consistent with the purposes of felony sentencing.

**{¶21}** Gibson's second assignment of error is overruled.

**{¶22}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MELODY J. STEWART, J., CONCUR