[Cite as *State v. Shearer*, 2019-Ohio-1352.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 107335

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### LANDRA SHEARER

DEFENDANT-APPELLANT

---

### JUDGMENT:
REVERSED AND VACATED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-08-510282-A

**BEFORE:** S. Gallagher, P.J., Laster Mays, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 11, 2019

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Katherine Mullin
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113


SEAN C. GALLAGHER, P.J.:

{¶1}    Landra Shearer has sought to correct his void sentences for almost a decade, which includes filing at least three appeals and no less than 11 postconviction motions.   For the most part, Shearer attempted this task without the assistance of legal counsel.   Instead of exhausting his appellate rights after his motions or appeals were disposed of, Shearer filed additional postconviction motions with the trial court, tweaking his argument along the way.   Despite this procedural history, and based on the following rationale, we vacate the sentences imposed on the attempted murder and felonious assault counts based on *State v. Shearer*, 8th Dist. Cuyahoga No. 92974, 2010-Ohio-1666, ¶ 31 ("*Shearer I*") and *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234 (sentences imposed on allied offenses are void and subject to

collateral attack at any time), and remand for a de novo resentencing after the state elects upon which count to proceed.

{¶2} In *Shearer I*, the panel, sua sponte, concluded that Shearer's convictions for attempted murder and two counts of felonious assault were in error because felonious assault is an allied offense of attempted murder. *Id.* citing *State v. Williams*, 124 Ohio St.3d 381, 2010-Ohio-147, 922 N.E.2d 937. The three counts were reversed as being allied offenses of similar import. *Id.* (the record indicates that Shearer shot the sole victim twice in quick succession and was charged with three offenses from that one act). The state did not seek further review of that determination. Upon remand, the trial court imposed a new aggregate term of imprisonment of 13 years, but only merged one of the felonious assault offenses into the attempted murder. A separate sentence was consecutively imposed for the other felonious assault offense. Thus, the sentences imposed on the attempted murder and felonious assault offenses that became final upon the remand are still void — the trial court imposed sentences on the offenses deemed to be allied ones of similar import. *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, at ¶ 22.

{¶3} In *Williams*, the offender had filed numerous postconviction motions attempting to vacate a void sentence. The trial court had imposed separate, but concurrent, sentences on offenses deemed to be allied. Despite the failure to timely exhaust appellate review, the offender maintained that res judicata did not preclude several attempts to remedy the sentence — in essence, if an offender's sentence is void, the matter is never settled and the offender may continually challenge that sentence until a sentence that is authorized by law is imposed. The Ohio Supreme Court agreed and vacated the sentence imposed on the count deemed to be an allied offense. *Id.* at ¶ 28.

{¶4} A trial court has no authority to impose sentences for offenses that are deemed to be allied under R.C. 2941.25. *Id.* According to *Williams*, it is of no consequence that an offender unsuccessfully attempts to remedy these void sentences on numerous occasions without exhausting all appellate rights. *Id.* at ¶ 73 (Kennedy, J., dissenting) (noting the extensive history of postconviction proceedings that ended unsuccessfully predating the majority's decision to vacate the concurrent sentence imposed on the allied offense). A void sentence is subject to collateral attack "at any time," and the doctrine of res judicata does not preclude any review.[1] *Id.* at ¶ 22. If offenses are deemed to be allied under R.C. 2941.25, no court has authority to impose separate sentences on those offenses. *Id.* The trial court in this case erred when imposing separate sentences on the attempted murder and felonious assault counts, along with the firearm specifications attendant to each, deemed to be allied offenses of similar import.

{¶5} The consecutive sentences imposed on the attempted murder and felonious assault counts are in violation of R.C. 2941.25 as declared in *Shearer I*. *Id.* The state claims that the *Shearer I* decision only addressed the felonious assault counts, and therefore, the resulting sentence is not void under *Williams* at ¶ 24, but merely voidable. In *Shearer I*, the panel concluded that felonious assault is an allied offense of attempted murder. *Shearer I* at ¶ 31-32. The state's interpretation — that only one of the felonious counts merged with the attempted murder — is incorrect. Had *Shearer I* intended to reverse only one felonious assault count as being allied with the attempted murder count, it would have done so and affirmed the conviction

---

[1] In *State v. Shearer*, 8th Dist. Cuyahoga No. 103848, 2016-Ohio-7302, ¶ 7 ("*Shearer II*"), Shearer's sentences on the firearm specifications were affirmed based on the doctrine of res judicata. In that case, Shearer filed a pro se appeal of a motion to vacate a void sentence, but the panel erroneously concluded that "the trial court complied with the ruling" in *Shearer I* based on the limited arguments presented in the pro se appeal. In further review of the procedural history, the trial court did not comply with the mandate of *Shearer I*. Regardless, under *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, we cannot rely on the *Shearer II* decision as a basis to affirm in this case. A void sentence is always void and is subject to correction at any time.

for the felonious assault conviction unaffected by the merger decision. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15, citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 26-27. Instead, the panel reversed both felonious assault convictions along with the attempted murder expressly holding that felonious assault is an allied offense of attempted murder. There is no ambiguity; *Shearer I* concluded that both the felonious assault convictions and the attempted murder convictions were allied offenses with each other. The remand was ordered to permit the state the opportunity to elect which one of the three offenses deemed to be allied would be pursued at sentencing. *Id.*

{¶6} As a result, the sentences imposed on the attempted murder and felonious assault counts are void and must be vacated — the trial court was not authorized to impose separate sentences on both counts. We remand this matter for a de novo sentencing hearing at which time the state may elect to proceed on either the attempted murder or the felonious assault and any attendant specification, but not both. *Wilson* at ¶ 16. We note, however, that the two-year, concurrent sentence for the having a weapon while under disability offense, which at this point has already been served, remains as originally imposed and cannot be altered. The question then turns to the scope of the new sentencing hearing within this mandate.

{¶7} At that sentencing hearing, the trial court must consider the principles and purposes of sentencing and the felony sentencing factors anew. Nothing in our decision or in the law of this district should be interpreted as a limitation on the trial court's sentencing discretion. The trial court enjoys the same discretion to impose any sentence authorized by law, in addition to any mandatory sentence on the firearm specification attendant to the base offense, as it would have had at the original sentencing. *State v. Jackson*, 8th Dist. Cuyahoga No. 92365, 2009-Ohio-4995, ¶ 10; *State v. Collins*, 8th Dist. Cuyahoga Nos. 98575 and 98595,

2013-Ohio-938, ¶ 12, fn. 4; *State v. Gibson*, 8th Dist. Cuyahoga No. 102391, 2015-Ohio-3479, ¶ 11. We recognize that the 13-year aggregate term of imprisonment imposed for both offenses is within the permissible range of sentences on the attempted murder count alone. This possibility does not alter, nor limit the de novo resentencing in any way.

{¶8} We note that at least one panel in this district has concluded that imposing a sentence on an individual felony offense consistent with the original aggregate term of imprisonment for offenses reversed under R.C. 2941.25 impermissibly implicates the sentencing package doctrine, which is not recognized in Ohio under *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 10. *State v. Quinones*, 8th Dist. Cuyahoga No. 97054, 2012-Ohio-1939. In *Quinones*, a five-year aggregate term of imprisonment imposed on multiple counts was vacated in the direct appeal as being imposed on allied offenses. The sentences on all counts were vacated, and the matter was remanded for a de novo resentencing subject to the state's election. The trial court imposed a five-year sentence on the sole remaining count, which was within the permissible range for the degree of felony at issue. *Quinones* reversed, claiming the within-range sentence was void because it violated the prohibition against the sentencing package doctrine.

{¶9} In addressing the implications of the sentencing package doctrine in the context of reversing multiple sentences impermissibly imposed on allied offenses, the Ohio Supreme Court concluded otherwise. *Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, at ¶ 16. According to *Wilson*, vacating all sentences for offenses that are deemed to be allied and remanding for a de novo sentencing hearing to impose a sentence upon the offense the state elects is not violative of *Saxon* and, more importantly, does not implicate the sentencing package doctrine. *Id.* According to *Wilson*, the federal sentencing package doctrine allows the

modification or vacation of all the sentences imposed for multiple offenses in the situation where there is a reversal of one of the sentences that comprises the aggregate term of imprisonment. *Id.*, citing *Saxon* and *United States v. Clements,* 86 F.3d 599, 600-601 (6th Cir.1996). However, when multiple sentences are vacated on appeal, especially those deemed to be allied offenses, the sentencing package doctrine does not preclude the trial court from sentencing on the vacated convictions anew. *Id.* In accordance with *Wilson*, if multiple offenses are reversed in a direct appeal as being allied ones of similar import, the appellate court must vacate all sentences imposed on each of the allied offenses and remand for a de novo resentencing upon whatever count (or counts, if applicable) survives the state's election. That practice does not violate *Saxon* or implicate the sentencing package doctrine.

{¶10} *Wilson's* interpretation of *Saxon* was also recognized in *State v. King*, 8th Dist. Cuyahoga No. 95972, 2011-Ohio-3985, ¶ 13, issued the year before *Quinones*. In *King*, it was also concluded that the sentencing package doctrine precludes resentencing on counts not reversed in the direct appeal, but notwithstanding, the trial court has authority upon remand to impose sentences anew on the counts vacated by the appeal. The sentencing package doctrine was inapplicable in *Quinones* and, therefore, could not serve as the basis for reversing the individual sentence imposed on remand. *Quinones* did not address the implications of *Wilson* or *King* and is of limited precedential value in defining the scope of this remand. We must recognize that *Quinones* is limited to the narrow facts of the case and cannot be applied in a broader context in light of *Wilson*. The Ohio Supreme Court's decision in *Wilson* is binding authority, and we cannot apply *Quinones* in such a way as to contravene *Wilson*.

{¶11} As a result, the scope of the de novo resentencing to be conducted upon remand is controlled by *Wilson*, which authorizes a de novo sentencing on whichever count survives the

state's merger election. At the new sentencing hearing conducted pursuant to this remand, the trial court shall sentence Shearer anew. It must be remembered that "while the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties" than originally imposed for the individual offense based on its de novo consideration of all sentencing factors, not those that have transpired since the original sentencing. *Collins*, 8th Dist. Cuyahoga Nos. 98575 and 98595, 2013-Ohio-938, at ¶ 12, fn. 4; *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; *contra Quinones,* 8th Dist. Cuyahoga No. 97054, 2012-Ohio-1939, and *State v. Houston*, 8th Dist. Cuyahoga Nos. 103252 and 103254, 2016-Ohio-3319.[2] Although the scope of this remand is limited to two of the offenses in this case, after consideration of all that is required by law, the trial court has discretion to impose any sentence that is within the permissible ranges for the offense the state chooses to proceed upon, in addition to any sentence on the attendant specification. *Collins*. The two-year, concurrent sentence for the having a weapon while under disability offense, which at this point has already been served, shall not be disturbed.

{¶12} The sentences imposed for the attempted murder and felonious assault counts are vacated, and the matter is remanded for a de novo sentencing on whichever of those two counts, including any attendant specification, survives the state's election. Reversed and vacated.

---

[2] *Houston's* conclusion that a court must justify an increase in a sentence at a de novo resentencing with consideration of events or circumstances that occurred following the original sentencing arguably conflicted with *State v. Cook*, 8th Dist. Cuyahoga No. 90487, 2008-Ohio-4246, in which it was held that during a de novo resentencing the trial court is free to impose the identical sentence that was originally imposed, or a greater or lesser sentence within its discretion. This court has always recognized that vacated sentences must be considered anew, permitting but not mandating consideration of an offender's conduct while serving the vacated term. *Jackson*, 8th Dist. Cuyahoga No. 92365, 2009-Ohio-4995, at ¶ 10. Inasmuch as *Houston* relied on a presumption of vindictive sentencing, this discussion is limited by the fact that in this district, the presumption "arises only when circumstances establish a 'reasonable' likelihood that an increased sentence is the product of vindictiveness." *State v. Schneider*, 8th Dist. Cuyahoga No. 98938, 2013-Ohio-2532, ¶ 8. In *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 18, it was concluded that the mere fact of receiving a harsher sentence following the rejection of a plea offer did not give rise to the presumption of vindictiveness. By logical extension, the imposition of a harsher

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
EILEEN A. GALLAGHER, J., CONCUR

---

sentence upon remand, in and of itself, cannot either.