[Cite as *State v. Price*, 2016-Ohio-591.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103023

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CHRISTIAN PRICE**

DEFENDANT-APPELLANT

**JUDGMENT:**
SENTENCE REVERSED; REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-558932-A

**BEFORE:** Keough, P.J., E.T. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** February 18, 2016

**ATTORNEYS FOR APPELLANT**

Christopher J. Jankowski
John Brooks Cameron & Associates
247 East Smith Road
Medina, Ohio 44256

Carrie Wood
Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Christian Price, appeals from the trial court's judgment sentencing him to seven years in prison. For the reasons that follow, we reverse and remand for resentencing.

## I. Background

{¶2} In Cuyahoga C.P. No. CR-11-549930, a jury found Price guilty of rape, kidnapping, and telecommunications harassment, and the trial court sentenced him to six years incarceration. This court subsequently reversed Price's convictions for rape and kidnapping.[1] *State v. Price*, 8th Dist. Cuyahoga No. 98410, 2013-Ohio-1542 ("*Price I*").

{¶3} In reversing, this court noted that the evidence against Price "was not strong," and that Price's assertions in a recorded telephone conversation between him and the victim that the intercourse was consensual "could certainly be viewed as credible." *Id.* at ¶ 28. This court further found that the state violated Price's Fifth Amendment right to remain silent when the prosecutor asked questions of a detective during trial that were designed to draw attention to Price's post-arrest silence and equate that silence with guilt. *Id.* at ¶ 19. This court found that this testimony permeated the trial to the extent it became a focus of the state's closing argument, and that given the absence of any direct evidence proving the rape, the prosecutor's arguments about Price's "silence" during his interview with the detective undoubtedly led to his convictions. *Id.* at ¶ 29. Accordingly, this court reversed Price's convictions and remanded for a new trial. On remand, the jury found him not guilty of rape and kidnapping.

{¶4} Meanwhile, Price was indicted in Cuyahoga C.P. CR-12-558932 for rape, kidnapping for the purpose of terrorizing the victim, and kidnapping for the purpose of engaging

in sexual activity, all with sexual motivation and sexually violent predator specifications, and telecommunications harassment. The charges arose out of events that occurred several months after the offenses charged in *Price I*.

{¶5} The case was assigned to the same judge as in *Price I*. The telecommunications charge was dismissed during trial, and the jury found Price not guilty of rape and kidnapping for the purpose of terrorizing the victim, but guilty of kidnapping for the purpose of engaging in sexual activity, a first-degree felony.

{¶6} Trial on the accompanying sexually violent predator specification was held to the bench. Based on Price's rape and kidnapping convictions in *Price I*, the trial court found him guilty of the sexually violent predator specification.[2] Accordingly, pursuant to R.C. 2971.03(A)(3)(b)(ii), the trial court imposed the mandatory sentence of ten years to life in prison, to be served consecutive to the six-year prison term in *Price I*.

{¶7} On appeal, this court affirmed Price's conviction. *State v. Price*, 8th Dist. Cuyahoga No. 99058, 2013-Ohio-3912 ("*Price II*"). The dissenting judge, however, concluded that Price's conviction was against the manifest weight of the evidence. He found that any alleged kidnapping was incidental to the rape and, hence, if the victim's testimony did not prove rape beyond a reasonable doubt, it likewise could not prove kidnapping beyond a reasonable doubt. *Id.* at ¶ 89.

{¶8} Although Price argued on appeal that his conviction on the sexually violent predator specification should be vacated because it was based on his convictions in *Price I*, which by that time had been reversed although retrial had not yet been had, this court declined to

---

[1]Price did not challenge the conviction for telecommunications harassment.

[2]This court had not yet reversed and remanded for retrial in *Price I*.

decide the issue, concluding that Price's argument would be better addressed in a petition for postconviction relief after his retrial in *Price I*.   *Id.* at ¶ 59.

{¶9} After his retrial in *Price I*, Price filed a petition for postconviction relief and a new trial in *Price II*, requesting a new trial on the sexually violent predator specification attached to his kidnapping conviction.   In light of the acquittals in *Price I*, the state conceded that Price was entitled to a new trial on the sexually violent predator specification.   Price waived his right to a jury, and the matter proceeded to a bench trial.   After a trial, the trial court found him not guilty of the specification.

{¶10} The court then resentenced Price to seven years incarceration on the kidnapping conviction in *Price II* and advised him of postrelease control and his reporting requirements as a Tier II sexual offender.   This appeal followed.

## II.   Analysis

{¶11} Price raises three assignments of error, all of which challenge his seven-year sentence on the kidnapping conviction.

{¶12} When reviewing felony sentences, this court may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings, if applicable, or the sentence is contrary to law.   R.C. 2953.08(G)(2).   A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.   *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

A.      Bias in Sentencing

{¶13} During sentencing, the trial judge told Price that she remembered the evidence in the case, and "came away from the evidence in this case convinced that you have a tremendous problem disrespecting other people."   She told him that he had "enticed" an innocent woman to his home and then in a "predatory and cunning way" arranged to be upstairs, so that she had to come upstairs, isolated and away from safety.   The judge told Price that his behavior was "absolutely despicable."   In response to Price's request for mercy and his assertion that he would not get in any more trouble if he was given the chance, the judge told Price that he had "already had several chances."   She stated that she was "of course" referring to his conviction for rape in the earlier case, and stated "that case was equally egregious."   She stated that the appeals court had reversed the case "because the prosecutor made a remark during closing argument that didn't quite square with the evidence," and she was "very glad" the jury had acquitted him and she did not have to find him to be a sexually violent offender.   But, she told Price, "all of this evidence and all of this conduct is evil, it is predatory."   She told him that she had listened to evidence of "consummate predatory evil, sexually abhorrent behavior."

{¶14} In his first assignment of error, Price contends that the judge was biased against him and sentenced him based on her belief that he was guilty of acquitted conduct.   He argues that the judge indicated that she believed his convictions in *Price I* should have been upheld when she told him that he was lucky to get a retrial based only on a technicality relating to a comment by the prosecutor in closing statement that did not pertain to the weight of the evidence.   He further contends that the judge's statement that she listened to "all of this" evidence of "predatory evil" and "sexually abhorrent behavior" demonstrated that she believed he was guilty

not only of the charges in *Price I* of which he was acquitted, but also of the rape and kidnapping charges in *Price II* of which he was likewise acquitted.

{¶15} This court has held that unindicted acts or not guilty verdicts can be considered in sentencing without resulting in error when they are not the sole basis for the sentence. *State v. Corbett*, 8th Dist. Cuyahoga No. 99649, 2013-Ohio-4478; *State v. Reeves*, 8th Dist. Cuyahoga No. 100560, 2014-Ohio-3497, ¶ 32; *State v. Martin*, 8th Dist. Cuyahoga No. 87618, 2007-Ohio-1833, ¶ 34. *See also State v. Wiles*, 59 Ohio St.3d 71, 78, 571 N.E.2d 98 (1990). ("It is well established that a sentencing judge may take into account facts introduced at trial relating to other charges, even ones of which the defendant has been acquitted.")

{¶16} Here, despite the trial judge's apparent consideration of Price's conduct relating to rape and kidnapping offenses of which he was acquitted, the record provides adequate support for us to conclude that the sentence was not based solely on the acquitted conduct. The trial judge reviewed the facts of the kidnapping in this case, noting that she found Price's behavior "cunning," "predatory," and "absolutely despicable." Thus, the sentencing transcript as a whole reflects that Price was not sentenced solely on the acquitted conduct.

{¶17} The first assignment of error is overruled.

B.     Vindictiveness and the Statutory Sentencing Factors

{¶18} In his second assignment of error, Price contends that the trial court's sentence was motivated by vindictiveness. He contends that the court imposed a six-year sentence in *Price I* for three counts (rape, kidnapping, and telecommunications harassment) but then imposed a higher sentence in this case, i.e., seven years for only one count (kidnapping with the purpose of engaging in sexual activity). He argues that he received a harsher sentence in this case when compared to *Price I* because he successfully appealed that case and was acquitted upon remand.

{¶19} In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court held that a trial court violates the due process clause of the Fourteenth Amendment when, motivated by retaliation for a defendant's successful appeal, it resentences a defendant to a harsher sentence. *Id.* at 724. Although a court may impose an enhanced sentence, it must demonstrate that it was not motivated by vindictiveness toward the defendant for exercising his rights. *Id.* at 723. Thus, to ensure that a non-vindictive rationale supports the increase, and to allay any fears of the defendant that an increased sentence is the product of vindictiveness, the *Pearce* court held that whenever a judge imposes an increased sentence after a successful appeal, there is a presumption of vindictiveness that can be rebutted only by objective information in the record justifying the increased sentence. *Id.*; *Wasman v. United States*, 468 U.S. 559, 564-565, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

{¶20} Subsequently, in *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), the Supreme Court limited the presumption announced in *Pearce* to those situations where there is a "reasonable likelihood" that the enlarged sentence was the product of vindictiveness. Where there is no such reasonable likelihood (e.g., where the resentencing judge is different than the original judge, or where a sentence imposed after trial is greater than a first sentence imposed after a guilty plea), the presumption does not apply and the defendant has the burden of showing actual vindictiveness. *Id.* at 800.

{¶21} The presumption of vindictiveness does not apply in this case because Price did not receive an enhanced sentence. The trial court initially sentenced Price to ten years to life in prison, the mandatory sentence required by R.C. 2971.03(A)(3)(b)(ii) when the trial court found him guilty of the sexually violent predator specification. After his successful appeal and acquittal in *Price I*, the trial court found Price not guilty of the sexually violent predator

specification, and then resentenced him to seven years for kidnapping with the intent to engage in sexual activity, a first-degree felony. The trial court's seven-year sentence was within the statutory sentencing range of three to eleven years for a first-degree felony, R.C. 2929.14(A)(1), and was a lesser sentence than the ten years to life that was originally imposed. Accordingly, there is no presumption of vindictiveness.

{¶22} Furthermore, we decline Price's suggestion that we compare the sentence in this case with that imposed in another case, recognizing the inevitable quagmire that would result from such comparisons. The sentence imposed in *Price I* was within the statutory range, as was the sentence imposed in *Price II*. Sentences within the statutory range are presumptively valid. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶23} The second assignment of error is therefore overruled.

C.    Consistency and the Statutory Sentencing Factors

{¶24} In his third assignment of error, Price contends that his seven-year sentence is not consistent with those imposed for similar crimes committed by similar offenders. He further contends that the trial court did not consider the statutory sentencing factors set forth in R.C. 2929.11 and 2929.12.

{¶25} Price did not challenge the consistency of his sentence as compared to other similar offenders in the trial court and, therefore, has waived this argument for appeal. *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 37; *State v. Luyando*, 8th Dist. Cuyahoga No. 97203, 2012-Ohio-1947, ¶ 15. Nevertheless, our review of the record demonstrates that the trial court did not consider the sentencing purposes set forth in R.C. 2929.11 and the guidelines contained in R.C. 2929.12 when it sentenced Price.

{¶26} When sentencing a defendant, the court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) to protect the public from future crime by the offender and others; and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. The sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶27} The sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *Hodges* at ¶ 9. R.C. 2929.12 provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶28} This court has held that a trial court fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 11, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 14. The trial court need not refer to each factor on the record; it is sufficient if the trial court acknowledges that it has complied with its statutory duty to consider the factors. *Hinton* at ¶ 11. This court has found that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill a trial court's

obligations under R.C. 2929.11 and 2929.12. *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶29} In this case, the record demonstrates that the trial court made no reference during sentencing to the statutory sentencing criteria and gave no indication that it had considered those criteria. Likewise, the sentencing journal entry contains no statement indicating that the trial court considered the purposes and principles of sentencing and the seriousness of Price's conduct and the recidivism factors when it imposed his sentence.

{¶30} The third assignment of error is therefore sustained. The sentence is reversed and the case is remanded for resentencing.

{¶31} Sentence reversed; remanded for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR