[Cite as *State v. Houston*, 2016-Ohio-3319.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 103252 and 103254**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DOMINIQUE J. HOUSTON

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, VACATED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-577465-A and CR-13-577675-A

**BEFORE:**   Celebrezze, J., Keough, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   June 9, 2016

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
2nd Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Frank Romeo Zeleznikar
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Dominique J. Houston, appeals his five-year prison sentence. He claims that the court erred in imposing a greater sentence than it originally imposed on two counts of aggravated robbery, and in doing so, contravened the court's own prior findings. After a thorough review of the record and law, this court affirms the sentence imposed in Cuyahoga C.P. No. CR-13-577675-A, vacates the sentence imposed in Cuyahoga C.P. No. CR-13-577465-A, and remands.

## I.  Factual and Procedural History

{¶2} On August 7, 2013, appellant robbed a man of his wallet and cell phone at gunpoint. On August 19, 2013, appellant and another male robbed a man and his mother at gunpoint. The victims in the second robbery respectively lost $276 and $2,290.50 in cash and property.

{¶3} Appellant was eventually identified and indicted in two cases. In C.P. No. CR-13-577675-A, he was charged with violating R.C. 2911.10(A)(1), aggravated robbery, and R.C. 2905.01(A)(2), kidnapping. In C.P. No. CR-13-577465-A, he was also charged with two counts of aggravated robbery, first-degree felony violations of R.C. 2911.01(A)(1); two counts of robbery, second-degree felony violations of R.C. 2911.02(A)(2); and two counts of kidnapping, first-degree felony violations of R.C. 2905.01(A)(2). The charges included one- and three-year firearm specifications in each case. Appellant eventually pled guilty to three counts of aggravated robbery. The other

charges and firearm specifications were dismissed. After the court obtained a presentence investigation report, it held a sentencing hearing on March 19, 2014.

{¶4} There, the court heard from the state, two victims, appellant, and his counsel. The court sentenced appellant to serve a six-year prison term. It imposed three-year terms on each count of aggravated robbery in each case. In C.P. No. CR-13-577465-A, the court appeared to order the two three-year sentences to be served consecutive to each other but concurrent with the sentence imposed in C.P. No. CR-13-577675-A. However, the sentencing transcript does not clearly reflect the intention of the trial court. The trial court's pronouncement at sentencing referenced a six-year total sentence, but also stated that terms would be served concurrently. The journal entry of sentence also did not set forth the findings necessary for the imposition of consecutive sentences. The court ordered restitution to the victims in C.P. No. CR-13-577465-A as agreed to by appellant, but failed to incorporate that order into the sentencing entry.

{¶5} Appellant appealed from the sentences, arguing that the trial court did not make the requisite findings necessary for consecutive sentences. However, this court determined that there was no final, appealable order because the sentencing entries did not include any information regarding restitution as ordered at the hearing and dismissed the appeals without opinion. *State v. Houston*, 8th Dist. Cuyahoga Nos. 101293 and 101294 (Sept. 29, 2014). After the trial court reactivated the case, it held a sentencing hearing where it imposed an aggregate five-year prison sentence. It imposed two

five-year sentences on each count of aggravated robbery in C.P. No. CR-13-577465-A, and one three-year sentence in C.P. No. CR-13-577675-A. The court ordered all sentences to be served concurrently, for a total of five years.[1]

{¶6} Appellant then filed the instant appeal arguing two errors:

I. The trial court abused its discretion when it rejected its own, prior findings to sentence appellant to a higher term of imprisonment per count.

II. The trial court acted contrary to law in applying the federal, [sentencing-package] doctrine to create an "aggregate" punishment for appellant.

## II. Law and Analysis

{¶7} In the first assignment of error, appellant claims that the court abused its discretion when it rejected its prior findings and rendered a sentence different from the one announced at the initial sentencing hearing. However, sentencing review does not involve a determination of whether a trial court abused its discretion. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 23. In *Marcum*, the Ohio Supreme Court held that sentencing review is governed by R.C. 2953.08. *Id*. Even where findings necessary under R.C. 2953.08(G) are not implicated,

it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and

---

[1] This court remanded the case to the trial court after appellant filed his notice of appeal because the trial court again failed to include restitution in the journal entry of sentence. The court issued a nunc pro tunc entry that included an order of restitution, but the amount set forth in the journal entry does not match the amount of restitution ordered at the sentencing hearing. The court's entry only accounts for restitution ordered for one victim when the court, at sentencing, ordered restitution for two victims with separate amounts for each.

2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Id.* at ¶ 23. This dictates our review here. This court must review the record and determine if the sentences imposed by the court and any findings they are built on are clearly and convincingly not supported by the record. *Id.* at ¶ 22; R.C. 2953.08(G)(2).

{¶8} First, this court must note that a trial court has no authority to reconsider its own final determinations. *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671. However, in the present case, this court deemed the sentencing entries did not constitute final, appealable orders. An entry constitutes a final order of sentence when "the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14; Crim.R. 32. Further, "an order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence * * *." *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, ¶ 8.

{¶9} While it is true that in one of appellant's cases an order of sentence was not final due to a lack of restitution in the journal entry, the sentencing entry in the other case was final and appealable because no restitution had been ordered in that case. However, this court's decision remanded the case for the issuance of final, appealable orders in both cases and no one appealed that order. This was error on the part of this court, but

because the trial court did not amend the sentence in C.P. No. CR-13-577675-A, it was harmless and does not substantially affect this appeal.

**{¶10}** Once the entries of sentence were deemed nonfinal orders, the trial court had authority to hold a sentencing hearing after this court's dismissal of appellant's first appeal even though it was not required to do so. *See State v. Apger*, 8th Dist. Cuyahoga No. 97372, 2012-Ohio-1360, ¶ 4 ("[T]rial court had authority to hold the subsequent hearing and sentence Apger because the sentence imposed at the [earlier] hearing was never journalized by the clerk pursuant to Crim.R. 32."). *See also State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶ 73.

**{¶11}** Turning to the crux of appellant's argument,

> "[c]ourts may increase sentences when the sentence does not constitute a final order. *Brook Park v. Necak*, 30 Ohio App.3d 118, 119, 506 N.E.2d 936 [(8th Dist.1986)], citing *Columbus v. Messer*, [7 Ohio App.3d 266, 455 N.E.2d 519 (10th Dist.1982)]. This Court has previously noted that a court speaks only through its journal entries. *State v. Ismail* [9th Dist. Summit No. 15007, 1991 Ohio App. LEXIS 4009, *2 (Aug. 21, 1991)]. Thus, an oral pronouncement of sentence in open court does not meet this rule. *Id*. In *Ismail*, this Court went on to note that "where there has been no journalization of the sentence, a sentence announced in open court may be amended without formal journal entry." 1991 Ohio App. LEXIS 4009 at * 3, citing *State v. Harris*, 2 Ohio App.3d 48, 49, 440 N.E.2d 572 [(10th Dist. 1981)]."

*State v. Overstreet*, 9th Dist. Summit No. 21367, 2003-Ohio-4530, ¶ 8, quoting *State v. Teets*, 9th Dist. Medina No. 3022-M, 2000 Ohio App. LEXIS 4228, *4 (Sept. 20, 2000). The *Overstreet* court held, "the trial court amended appellant's sentence before it was journalized. Therefore, the trial court did not enhance appellant's sentence after he was originally sentenced." *Id*. at ¶ 9. These cases condone an increased sentence where

there has been some new information introduced that alters the trial court's calculus in arriving at an appropriate sentence.

{¶12} Generally, when a court imposes harsher penalties on a criminal defendant after successful appeal, a presumption of vindictiveness arises, "which the court [is] required to rebut by affirmative findings regarding conduct or events discovered since the prior sentencing." *State v. Bradley*, 2d Dist. Champaign No. 06CA31, 2008-Ohio-720, ¶ 7, citing *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Wasman v. United States*, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). To overcome the presumption of vindictiveness, the court must be able to point to events that have transpired in the interim that "'throw "new light upon the defendant's life, health, habits, conduct, and mental and moral propensities."'" *Id.*, quoting *Wasman* at 570-571, quoting *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The principle of vindictiveness developed in these cases is equally applicable here even though appellant's first sentencing hearing was a nullity because the sentence imposed was never properly journalized.[2] The fact that appellant's sentence was increased on two counts following the dismissal of his appeal is analogous in many respects to other situations where a defendant is resentenced following successful appeal, and this court cannot find any substantive reason to treat them differently.

---

[2] "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." *Romito v. Maxwell*, 10 Ohio St.2d 266, 267-268, 227 N.E.2d 223 (1967).

**{¶13}** Appellant's argument about vindictive sentencing flows into his second assignment of error regarding the court's use of a sentencing package. The trial court indicated it was actually decreasing appellant's sentence by imposing a five-year prison sentence rather than six. According to the trial court's logic, there can be no vindictiveness given the decrease. In appellant's second assignment of error he alleges that the court impermissibly applied a "sentencing package" rather than considering each charge and resultant punishment separately.

**{¶14}** The Ohio Supreme Court has rejected the use of a "sentencing package":

> Although imposition of concurrent sentences in Ohio may appear to involve a "lump" sentence approach, the opposite is actually true. Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. *See* R.C. 2929.11 through 2929.19. Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively. *See State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus, ¶ 100, 102, 105; R.C. 2929.12(A); *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.

*State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9.

**{¶15}** In the present case, when the court imposed sentence, its rationale for increasing appellant's sentence for two offenses — that the sentences were actually less than the previous sentences — is contrary to the way in which sentencing works in Ohio. *State v. Quinones*, 8th Dist. Cuyahoga No. 97054, 2012-Ohio-1939. In *Quinones*, this

court explained the way in which a federal judge arrives at a sentence using an overall sentencing plan:

> "[The court will] craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal."

*Id.* at ¶ 7, quoting *United States v. Pimienta-Redondo*, 874 F.2d 9, 14 (1st Cir.1989). This court then went on to determine that the trial court impermissibly used a sentencing package according to the court's statements at sentencing:

> By increasing the length of the remaining rape count to effectuate its original intent to have him serve five years, the court reviewed "the efficacy of what remain[ed] in light of the original plan" and fashioned a new sentence to effectuate its plan to have Quinones serve five years. By any measure, this was an admission by the court that it sentenced Quinones according to a "single comprehensive sentencing plan" of the kind described in *Pimienta-Redondo*.

*Id.* at ¶ 10.

{¶16} Here, the court's stated justification for increasing appellant's sentences in CR-13-577465-A was that the overall sentence would decrease. This indicates the use of a comprehensive sentencing plan to justify the increase in appellant's individual sentences. This is not a valid justification in light of *Saxon*'s proscribed sentencing

methods. The court could have based an increase in sentence on appellant's prison record or any other new information the court had received, but it did not do so.

{¶17} Therefore, appellant's first and second assignment of errors are sustained. As a result, the sentences imposed in CR-13-577465-A must be vacated and the case remanded to the trial court for resentencing on this case only. The court may arrive at different sentences than initially imposed, including the imposition of consecutive sentences, but must cite to appropriate factors for doing so. As stated in *Overstreet*, the court is not bound by its conclusions at the first sentencing hearing if the court hears new, additional information not adduced at the first hearing. *Overstreet*, 9th Dist. Summit No. 21367, 2003-Ohio-4530, ¶ 8. For instance, the court could consider appellant's disciplinary record at the prison institution where he was being housed.

{¶18} On remand, the court should also endeavor to properly journalize its order of restitution in the journal entry of sentence, which it has been unable to do thus far. In the most recent entry, the court included an order of restitution for the female victim in the amount of $2,290.50. However, the court failed to include the restitution amount of $276 it ordered for the male victim in CR-13-577465-A.

### III. Conclusion

{¶19} The trial court increased appellant's length of imprisonment from three years to five from the initial sentencing hearing to the second one in C.P. No. CR-13-577465-A. The court did not cite to any change in circumstances that would justify the increase, but instead relied on reasoning that can only be classified as an

impermissible sentencing package. Therefore, the court erred in increasing appellant's sentences in CR-13-577465-A. The sentence imposed in CR-13-577675-A did not change, and appellant raises no argument related to that sentence. Therefore, this sentence is affirmed.

{¶20} This cause is affirmed in part, vacated in part, and remanded to the lower court for resentencing consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, P.J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)

SEAN C. GALLAGHER, J., DISSENTING:

{¶21} I respectfully dissent. As the majority recognized, R.C. 2953.08 defines the scope of appellate review over final sentences. Generally speaking, the legislature has provided that defendants cannot appeal the imposed sentence unless under a provision of R.C. 2953.08(A). The only applicable subdivision in this case is if Houston's sentence

was contrary to law.  R.C. 2953.08(A)(4).  Because Houston failed to establish, let alone argue, that his sentences were contrary to law, we lack the ability to review either of the assigned errors.

**{¶22}** A sentence is contrary to law if "(1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12."  *State v. Price*, 8th Dist. Cuyahoga No. 103023, 2016-Ohio-591, ¶ 12; *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.  In this case, the trial court specifically indicated that it "considered all required factors of the law [and] finds that prison is consistent with the purpose of R.C. 2929.11."  Further, the five-year aggregate term of imprisonment was comprised of individual sentences to be served concurrently, each within the applicable statutory guidelines.  Houston's sentence is not contrary to law, and thus according to *State v. Marcum,* Slip Opinion No. 2016-Ohio-1002, R.C. 2953.08 precludes our review of his final sentence based on the arguments advanced in the current appeal.

**{¶23}** Houston's reliance on the sentencing-package doctrine and the prohibition against vindictive sentencing is misplaced.  Even if we could consider the merits of the assigned errors, neither argument applies to the current situation because Houston's original sentence was not reversed in a direct appeal.

{¶24} Further, the fact that Houston claims that the sentence was a product of vindictive sentencing is irrelevant because at the root of that claim, Houston is complaining about the trial court's decision to weigh sentencing factors in his de novo sentencing hearing. Even if we considered the second sentencing hearing as a de novo resentencing hearing, the outcome is the same. "During a de novo resentencing, 'the trial court is free to impose the identical sentence that was originally imposed, or a greater or lesser sentence within its discretion.'" *State v. Quinones*, 8th Dist. Cuyahoga No. 97054, 2012-Ohio-1939, ¶ 3, quoting *State v. Jackson*, 8th Dist. Cuyahoga No. 92365, 2009-Ohio-4995, ¶ 9. The weight given to any sentencing factor is purely a product of the trial court's discretion in sentencing, and that discretion is, practically speaking, unreviewable absent a claim that the trial court considered non-existent factors, which in and of itself is difficult to prove because a trial court is not required to provide reasons or explain what factors it considered. *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 15.

{¶25} Finally, the sentencing-package doctrine is not implicated solely because a trial court has an aggregate sentence in mind when individually sentencing on each count, which is all that Ohio law requires. The sentencing-package doctrine precludes a trial court from altering a sentence for a particular count of the indictment on remand that was not reversed in the direct appeal, in an attempt to keep the aggregate sentence the same. *Quinones* at ¶ 7. Although I acknowledge that *Quinones* remains the law of this district, it may be time we limit application of the "sentencing-package doctrine" to that specific

case. The decision continues to create unnecessary confusion. "The sentencing-package doctrine has no applicability to Ohio sentencing laws: the sentencing court may not employ the doctrine when sentencing a defendant, *and appellate courts may not utilize the doctrine when reviewing a sentence or sentences*." (Emphasis added.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 10.

{¶26} In *Quinones*, the offender's sentences on multiple counts were reversed based on errors implicating allied offense analysis. *Id.* In cases like *Quinones*, the correct appellate procedure is to vacate all affected sentences and remand for a de novo resentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 18. At that resentencing, the trial court in *Quinones* conducted the new sentencing hearing, but adopted its considerations from the original sentencing to arrive at the same sentence originally imposed, which was well within the statutory sentencing guidelines for the crime upon which the sentence was entered. *Id.* at ¶ 1. This should have been permitted pursuant to *Wilson* and *Saxon*. Instead, the *Quinones* panel concluded that the trial court was prohibited from imposing an authorized sentence because it implicated the sentencing-package doctrine. *But see State v. Rammel*, 2d Dist. Montgomery Nos. 25899 and 25900, 2015-Ohio-2715 (trial court has discretion "reconfigure" the sentence upon remand if the sentences were reversed in the direct appeal).

{¶27} Fortunately, the facts of the present appeal do not call for an evaluation of the continued vitality of *Quinones* solely based on the fact that there was no remand order in this case to implicate *Quinones* or the sentencing- package doctrine.

**{¶28}** Houston's assignment of error should be overruled.   I would affirm.