[Cite as *State v. Robinson*, 2017-Ohio-8162.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104686

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HEAVEN S. ROBINSON

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-598777-B

**BEFORE:** Kilbane, J., E.A. Gallagher, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** October 12, 2017

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
55 Public Square - Suite 2100
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Timothy R. Troup
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Heaven S. Robinson ("Robinson"), appeals from her sentence for child endangering. For the reasons set forth below, we affirm.

{¶2} In October 2015, Robinson was indicted on five counts of child endangering. In April 2016, she pled no contest to the indictment, stipulating to a finding of guilt. The trial court found Robinson guilty, and in June 2016, imposed a four-year prison sentence without specifying individual prison terms for each count. In July 2016, Robinson filed the present appeal and later moved this court to remand to the trial court for resentencing under App.R. 4, arguing that the trial court's "blanket sentence" did not constitute a final, appealable order. We granted Robinson's motion and remanded this matter to the trial court for resentencing.

{¶3} In December 2016, the trial court resentenced Robinson. At the resentencing hearing, the trial court remarked as follows:

> THE COURT: On June 2nd of this year I imposed a sentence of four years on [Robinson] without specifying * * * as to each count what the sentence was going to be. It was a universal sentence, global sentence, remanded from the court of appeals in order to have me reimpose a sentence on each count individually which I propose to do at this point.
>
> * * *
>
> Okay. Well as I explained at the outset, I'm not in the position to give a different sentence now. This is really just to correct an error that was made in June.

\* \* \*

> The sentence will be one year on Count 1 \* \* \* four years each on Counts 2, 3, 4, and 5, all sentences to be served concurrently with one another.

**{¶4}** In resentencing Robinson, the trial court did not deviate from its original four-year sentence, imposing a one-year prison term on Count 1 and a four-year prison term on each of Counts 2 through 5, all counts to be served concurrently.

**{¶5}** It is from this order that Robinson now appeals, raising a single assignment of error for our review.

<u>Assignment of Error</u>

> The trial court erred in sentencing [Robinson] to lengthy terms of incarceration when it had jurisdiction to reconsider its original decision and when the sentences are not supported in the record.

**{¶6}** Robinson argues the trial court erred in finding that it was without jurisdiction to deviate from its original "blanket" sentence and that her sentence is not supported by the record.

**{¶7}** As an initial matter, we note that because we deemed the trial court's original sentencing entry did not constitute a final, appealable order, the trial court had the authority to hold a de novo sentencing following our remand. *State v. Houston*, 8th Dist. Cuyahoga Nos. 103252 and 103254, 2016-Ohio-3319, ¶ 10. Robinson interprets the trial court's remark at the resentencing hearing that it was "not in the position to give a different sentence" as a finding that it was without authority to conduct a de novo sentencing. She argues that this statement indicates that the trial court failed to conduct a de novo sentencing hearing and, therefore, its decision to reimpose a four-year prison

sentence renders her sentence contrary to law. This argument is unpersuasive. We agree with the state's posit that the trial court made this statement as an explanation that it chose not to deviate from its original four-year sentence rather than as a conclusion of its limitation in resentencing Robinson.

**{¶8}** Our review of felony sentences is governed by R.C. 2953.08(G), which states in relevant part:

> The appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the sentence is otherwise contrary to law.

**{¶9}** "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Price*, 2016-Ohio-591, 60 N.E.3d 481, ¶ 12 (8th Dist.).

**{¶10}** Here, Robinson's sentence is within the statutory range for each of her convictions, and the trial court's sentencing entry states that it "considered all required factors of the law." This court has held that a trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61

**{¶11}** Therefore, Robinson's sentence is not clearly and convincingly contrary to law. Accordingly, the sole assignment of error is overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR