[Cite as *State v. Terry*, 2025-Ohio-5520.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 115016 |
| ANTHONY TERRY, JR., | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 11, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-24-694461-A and CR-24-696374-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, John T. Dowling, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellant*.

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant Anthony Terry, Jr. ("Terry") appeals from his March 19, 2025 sentencing. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} This appeal stems from two alleged incidents between Terry and his domestic partner, D.W.

{¶ 3} On August 13, 2024, in Cuyahoga C.P. No. CR-24-694461-A ("case No. 694461"), a grand jury indicted Terry on five counts based upon acts that allegedly occurred on May 29, 2024: abduction in violation of R.C. 2905.02(A)(2); strangulation in violation of R.C. 2903.18(B)(3), with a furthermore clause alleging Terry and D.W. lived in the same household; domestic violence in violation of R.C. 2919.25(A); criminal damaging or endangering in violation of R.C. 2909.06(A)(1); and disrupting public services in violation of R.C. 2909.04(A)(3). Terry pleaded not guilty to the charges on October 21, 2024.

{¶ 4} On October 22, 2024, in Cuyahoga C.P. No. CR-24-696374-A ("case No. 696374"), a grand jury indicted Terry on five counts based upon acts that allegedly occurred on October 17, 2024: felonious assault in violation of R.C. 2903.11(A)(1); strangulation in violation of R.C. 2903.18(B)(2); strangulation in violation of R.C. 2903.18(B)(3), with a furthermore clause alleging Terry and D.W. lived in the same household; abduction in violation of R.C. 2905.02(A)(1); and domestic violence in violation of R.C. 2919.25(A), with a furthermore clause alleging D.W. was pregnant at the time of the alleged offense. Terry pleaded not guilty to the charges on October 25, 2024.

{¶ 5} The court conducted a change-of-plea hearing on March 19, 2025. In case No. 694461, Terry retracted his former pleas of not guilty and pleaded guilty to

amended Count 2, attempted strangulation in violation of R.C. 2923.02/2903.18(B)(3), and amended Count 5, attempted disrupting public service in violation of R.C 2923.02/2909.04(A)(3), both felonies of the fifth degree. The court nolled the remaining counts.

{¶ 6} In case No. 696374, Terry retracted his former pleas of not guilty and pleaded guilty to Count 1, felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and Count 5, domestic violence in violation of R.C. 2919.25(A), with a furthermore clause, a felony of the fifth degree. The court nolled the remaining counts.

{¶ 7} After Terry entered his guilty pleas, the trial court proceeded immediately to sentencing. The trial court complied with Crim.R. 11, and the assistant prosecuting attorney provided a detailed accounting of the events that resulted in the criminal charges against Terry. Specifically, on May 29, 2024, Terry and D.W. allegedly argued in their home and Terry placed his hands on D.W.'s neck, pushed her up against a wall, and hit her across the face with an open hand before Terry left the premises. D.W. drove herself to the hospital and was treated for scratches and redness. These facts gave rise to case No. 694461.

{¶ 8} On October 17, 2024, during an argument, Terry allegedly placed both of his hands around D.W.'s neck, forced her against the kitchen counter, and struck her back causing bruises. D.W. then fell to the kitchen ground, and Terry hit her with an open fist multiple times before dragging her to the laundry area where he continued to strike her. D.W. was hospitalized for five days, where she was

treated for facial injuries that required fourteen stitches, neck and back injuries, and complications with her pregnancy. D.W.'s injuries resulted in classifying her pregnancy as high-risk, although she subsequently delivered a healthy baby. These facts gave rise to case No. 696374. The assistant prosecuting attorney asked the court to impose a "heavier sentence on the longer end." Tr. 17.

{¶ 9} D.W. addressed the court and stated that the October 17, 2024 incident occurred in front of her two-year-old daughter and both she and her daughter now suffer from emotional trauma because of the event. D.W. further stated that she believed Terry needed mental-health treatment.

{¶ 10} Terry's attorney addressed the court. He did not minimize D.W.'s injuries but asked for mercy from the court, recognizing that Terry is in his 30s with only one prior criminal charge of domestic violence.

{¶ 11} Terry apologized to D.W. and stated he was full of shame and guilt. Terry admitted he struggles with depression, alcohol abuse, and mental-health concerns, and he acknowledged his actions would adversely affect his relationship with D.W. and their newborn child.

{¶ 12} In case No. 694461, the trial court sentenced Terry to 12 months on amended Count 2 and 12 months on amended Count 5, with both sentences to be served concurrently to one another and concurrently with the sentence imposed in case No. 696374. In case No. 696374, the court initially sentenced Terry to an indefinite sentence of two to three and one-half years on Count 1 and a mandatory

12 months on Count 5, with both counts to be served concurrently to one another. The court then remanded Terry and ordered the sheriff to transport him.

{¶ 13} After a recess for an unspecified amount of time, the trial court stated that because of the seriousness of the felonious assault — Count 1 in case No. 696374 — it decided to increase the indefinite sentence on that offense from two to three and one-half years to three to four and one-half years:

> COURT: All right. We're back on the record in Case No. 696374, and the Court, upon reconsideration of the length of the term for the felony of the second degree, considering the seriousness of the offense, and even though the defendant has a minimal — what appears to be at this point a non-violent record, the Court is going to reimpose on Count 1, in Case 696374, it will be three-year minimum, up to a maximum of four-and-a-half years. Yes, four-and-a-half years.
>
> And the rest of the time for the other cases has been maxed. The felonies of the fifth degree, each of those are 12 months. The felony of the fifth degree, in Case 696374, is 12 months. Again, that's mandatory time, no judicial release, no reduction in sentence.
>
> The counts and the cases are served concurrently.

Tr. 28-29. The trial court provided, once again, the necessary and appropriate advisements and stated, "Defendant is remanded." Tr. 32.

{¶ 14} Defense counsel then placed an objection on the record and had the following exchange with the court:

> DEFENSE COUNSEL: I object to the reimposition of the sentence. Even briefly reviewing the Revised Code with regards to sentencing, is that this Court does have the ability to fix a calculation — miscalculation on a number of days, certainly can change things when there's local incarceration, but once a sentence is stated on the record, and certainly my client was already down —
>
> THE COURT: Well, actually, there was an error. It was —

DEFENSE COUNSEL:  No.

THE COURT:  It was a two-year minimum, up to a maximum of three-and-a-half years.  It should have been three years.

DEFENSE COUNSEL:  With regards to that, the underlying would have been two years.

THE COURT:  And upon consideration — the Court had not journalized its order.  You can make your objection, file your appeal.

Tr. 33.  The transcript does not indicate whether Terry was present when the trial court reconsidered the felonious-assault sentence and imposed a harsher sanction.

{¶ 15}  On March 20, 2025, the trial court issued a judgment entry reflecting the sentences imposed on Terry, including the revised sentence on the felonious-assault conviction for three to four and one-half years.

{¶ 16}  On April 14, 2025, Terry filed a notice of appeal.  Terry raises a sole assignment of error for our review:

The trial court violated Mr. Terry's right to due process and abused its discretion when it sua sponte increased his sentence without justification and the record does not reflect that he was present when the court did so.

**Legal Analysis**

{¶ 17}  Initially, we note that Terry incorrectly cites the standard of review as an abuse of discretion.  R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, if this court "clearly and convincingly" finds that "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing.  *See also State v. Marcum*, 2016-Ohio-1002.

{¶ 18} Terry does not dispute that the imposed sentence on case No. 696374's Count 1, felonious assault, was within the statutory sentence range. Terry argues the trial court needed to provide an explanation for why it increased the sentence on that conviction from two to three and one-half years to three to four and one-half years. Terry also argues the record does not demonstrate that he was present when the court increased his sentence and his absence violated his fundamental right to be present for all stages of his criminal proceedings. Terry asks this court to either vacate his sentence and remand for resentencing or, at a minimum, remand for the trial court to provide justification for its increased sentence.

{¶ 19} The State contends the trial court corrected a clerical error when it changed Terry's sentence. During oral arguments, the State suggested the clerical error was the trial court's intention to sentence Terry to three to four and one-half years on the felonious-assault conviction rather than two to three and one-half years. The State also contends that because the record does not affirmatively indicate Terry was absent when the court altered his sentence, his deprivation of due process argument lacks merit.

{¶ 20} "'"A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum."'" *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337 (1997), quoting *State ex rel. Hanley v. Roberts*, 17 Ohio St.3d 1, 4 (1985), quoting *Schenley v. Kauth*, 160 Ohio St. 109 (1953),

paragraph one of the syllabus. Consistent with that axiom, Crim.R. 32(C) states a judgment is effective when journalized and not at any time before:

> A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

Crim.R. 32(C). The Ohio Supreme Court has found that "'[a] criminal sentence is final upon issuance of a final order.'" *State v. Carlisle*, 2011-Ohio-6553, ¶ 11.

{¶ 21} Terry does not dispute the above-cited case law, but contends that the trial court needed to provide an explanation as to why a harsher sentence was imposed. Terry cites to *State v. Houston*, 2016-Ohio-3319 (8th Dist.), and *State v. Ismail*, 1991 Ohio App. LEXIS 4009 (9th Dist. Aug. 21, 1991), in arguing that the trial court could not increase his sentence without first receiving new information or otherwise explaining the reasons for an enhancement. We find these cases distinguishable from the instant facts.

{¶ 22} In *Houston,* the trial court sentenced the offender on two criminal cases and issued a sentencing journal entry in only one of the two cases. The offender appealed from the sentences, and this court found there was no final, appealable order because of the lack of a sentencing journal entry. The trial court reactivated the cases and held another sentencing hearing where it imposed a harsher penalty in one of the cases. On a second appeal, this court found the trial court's reasoning for the increased sentence was not justified and the trial court's

imposition of a harsher, unjustified penalty after a successful appeal gave rise to a presumption of vindictiveness. This court remanded the case for resentencing and stated that on remand, the trial court "may arrive at different sentences than initially imposed, including the imposition of consecutive sentences, but must cite to appropriate factors for doing so." *Houston* at ¶ 17.

{¶ 23} Here, there was no prior appeal and, therefore, no concern about vindictiveness. The trial court's sentence of three to four and one-half years on Terry's felonious-assault conviction was statutorily permissible and supported by the presented facts unlike Houston's unjustified harsher sentence. Terry was subject to only one sentencing hearing where the court's initial announcement of the felonious-assault sentence was not journalized and, thus, did not constitute a final judgment.

{¶ 24} The trial court in *Ismail* sentenced the offender and, before the court journalized the sentence, it conducted a second sentencing hearing. At the second hearing, the trial court imposed a harsher sentence after the State introduced new evidence regarding deportation of the offender and threats allegedly made by the offender. Because the initial sentence was not journalized and, therefore, was not a final order, the trial court could amend the sentence at the second hearing. *Ismail* at 2, citing *State v. Harris*, 2 Ohio App.3d 48, 49 (10th Dist. 1981). The *Ismail* Court did not state new information was necessary before it could impose a different sentence, but found "[w]here there has been no journalization of the sentence, a

sentence announced in open court may be amended without formal journal entry." *Id. Ismail* supports the State's position, rather than Terry's, in this matter.

{¶ 25} The trial court sentenced Terry, remanded the offender, and took a recess for an unknown duration. The trial court then resumed Terry's sentencing hearing. Without hearing any new evidence or testimony, the trial court imposed a harsher sanction on the felonious-assault conviction, simply stating it did so "considering the seriousness of the offense." Tr. 29.

{¶ 26} While the trial courts in *Houston* and *Ismail* imposed harsher sanctions after hearing new evidence or testimony, the reviewing courts noted that the initial sentences lacked finality because they had not been journalized. *See also State v. Overstreet*, 2003-Ohio-4530, ¶ 9 (9th Dist.) ("The trial court did not enhance appellant's original sentence because the original sentence was never journalized."). No justifications were provided by the court to support the change in Terry's sentence, nor can we find that the court was required to do so. The trial court's initial sentence of two to three and one-half years on the felonious-assault conviction pronounced in open court did not constitute a final order. At the same hearing, the court then imposed a greater sentence that was within the statutory limits and was supported by the facts of the case. While the trial court's actions did not demonstrate best practices, we cannot say that the court's subsequent change in the felonious-assault sentence, which was not an enhanced sentence because the initial sentence was not a final order, was clearly and convincingly not supported by the record.

{¶ 27} Terry also contends that the record does not demonstrate that he was present at the time the court imposed the harsher sentence on the felonious-assault conviction, and, thus, his due-process rights were violated.

{¶ 28} The court appeared to speak directly to Terry following the recess based upon its recitation of the relevant advisements and its comments that began with "if you have not been released," "if you violate the terms of post-release control," "if you are on judicial review," and "if you pick up a new felony while on post-release control." Tr. 32. The fact that the court remanded Terry following the increased sentence and related advisements also suggests Terry's presence at the hearing. However, the trial court did not specifically state on the record that Terry was present following the recess.

{¶ 29} A "defendant must be physically present at every stage of the criminal proceeding[s] and trial." Crim.R.43(A)(1). Where a defendant contends that he was prejudiced by his absence at a criminal proceeding, "the record must affirmatively indicate the absence of [the] defendant or his counsel during a particular stage of the trial." *State v. Clark*, 38 Ohio St.3d 252, 258 (1988), citing *State v. Blackwell*, 16 Ohio App.3d 100 (10th Dist. 1984). Accordingly, no prejudice occurs where a defendant was absent from a criminal trial proceeding but his counsel was present and had an opportunity to object. *Clark*.

{¶ 30} Here, the record does not affirmatively indicate Terry's absence when the trial court imposed the harsher sentence in case No. 696374, and Terry's attorney was present and objected to the increased sentence.

**{¶ 31}** For the foregoing reasons, Terry's assignment of error is overruled.

**{¶ 32}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

EILEEN T. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)